# Purifoy, Auditor, v. Godfrey.

## Application for Mandamus.

1. *Circuit solicitors; when entitled to commissions.*—Under the act approved February 21, 1893 (Acts 1892-93, p. 918), which provides that in addition to a salary therein provided for, each circuit solicitor shall receive certain commissions on all fees earned by him over and above the amount of such stipulated salary, a solicitor is entitled to such commissions when he prosecutes a defense in a criminal case to conviction, and thereby fixes the amount of the fees the State is entitled to receive, and is not required to wait until such fees are collected and paid into the State Treasury.

APPEAL from the City Court of Montgomery.

[Purifoy, Auditor, v. Godfrey.]

Heard before the Hon. THOMAS M. ARRINGTON.

The proceeding in this case was commenced by a petition, addressed to the judge of the city court of Montgomery, filed by the appellee, L. D. Godfrey, as solicitor of the sixth judicial circuit, against John Purifoy, Auditor of the State, asking for a writ of *mandamus* to compel the Auditor to draw his warrant on the State Treasurer in favor of the petitioner for the sum of $326.46, alleged to be due him as commissions on solicitors fees earned by him over and above the stipulated salary of $2,400. The petition was filed on January 11, 1894, and alleged, that the petitioner became the solicitor of the sixth judicial circuit on November 26, 1892, and that he had, at the date of filing the petition, earned, as such solicitor, fees amounting to $2,339.90 over and above the stipulated salary of $2,400; that on this surplus he was entitled to commissions amounting $326.46; that he had made demand upon the Auditor to draw his warrant for said sum of $326.46, and that the Auditor had refused to do so.

The answer of the Auditor admits the demand and refusal as alleged, and denies that the petitioner had earned fees over and above the amount of the stipulated salary, as alleged in the petition. The answer of the Auditor further states that from the 12th day of December, 1892 (the date when the law went into effect giving solicitors commissions on fees earned by them over and above $2,400) to the 30th of September, 1893 (the end of the fiscal year), there were taxed up and reported to the Auditor, in criminal cases in which convictions were secured by the petitioner, solicitor's fees amounting in the aggregate to $3,555.60; that of said sum there had been collected and paid into the State treasury fees amounting to $1,968.10, including fees retained in the treasury in penitentiary cases in which the other costs were paid by the State. The answer of the Auditor further shows that from the 12th day of December, 1892, to the 12th day of December, 1893, there were taxed up and reported as aforesaid, solicitor's fees amounting in the aggregate to the sum of $5,212.50; and that of said sum there had been collected and paid into the treasury, fees amounting to $2,448.10, including fees retained in the treasury in penitentiary cases in which the other costs were paid by the State.

It was agreed by counsel that the facts and figures stated in the answer of the Auditor were true.

Upon these facts the court granted the relief prayed for, and ordered that the appellant, John Purifoy, as Auditor, draw his warrant on the State Treasurer in favor of the petitioner. The respondent prosecutes the appeal, and assigns as error this judgment of the city court.

WM. L. MARTIN, Attorney-General, for the appellant. Commissions, as used in the statute, mean a per centage on the amount of moneys received or paid out, in recompense for services ; and when the legislature said that solicitors should receive commissions on certain amounts, the term was used in this sense, and the provisions mean that on the amount of solicitors' fees *received* by the State over and above the stipulated salary, solicitors should be paid a certain per centage. It was not intended that the State should pay commissions on fees which it had not received. The construction of the statute contended for by the petitioner would not be in harmony with the policy of the State to make solicitors self-sustaining; and it would not accord with the well settled rule of construction, that statutes giving costs are to be strictly construed in the interest of the State. Acts 1892-93, p. 918 ; Code, § 4892 ; *Skinner v. Dawson*, 87 Ala. 348 ; *Pollard v. Brewer*, 59 Ala. 130.

J. J. ALTMAN, *contra*.—The meaning of the statute is plain. The solicitors shall receive commissions on fees *earned* by them over and above the stipulated salary. If the legislature intended that solicitors should be paid commissions on fees earned and collected and paid into the State treasury, it would have been easy for it to have so provided. In the absence of such provisions the commissions provided for in the statute are payable to the solicitors when they prosecute the defendant to conviction—the fees then being earned without regard as to whether such fees should have been paid into the State treasury.—Acts 1892-93, p. 918 ; Acts 1892-93, p. 186.

BRICKELL, C. J.—The act approved February 21st, 1893, entitled "An act to fix the amount of the pay of circuit court solicitors and other solicitors, who are paid

by the State," reads as follows : "Section 1. Be it enacted by the General Assembly of Alabama, that all solicitors of any court, who are to be elected, or are elected at the present session of the General Assembly, and who are paid by the State, shall be paid the sum of two thousand and four hundred dollars ($2,400) a year in monthly payments as required by law ; *provided*, that in addition to the above salary, each solicitor shall receive commissions as follows : 30 per cent. on the first thousand dollars or any part thereof, earned in fees by him, over and above $2,400 ; 15 per cent. on the second thousand dollars, or any part thereof, so earned ; and 10 per cent. on all sums earned over and above the second thousand dollars ; said commissions to be paid as the salaries of solicitors are paid. In no case shall said commissions exceed the sum of $600 per annum."—Pamph. Acts, 1892-93, p. 918. The general appropriation act passed at the same session of the General Assembly, makes an appropriation for the payment of each solicitor of an annual salary of twenty-four hundred dollars, the appropriation being followed by a proviso, expressed in the same words employed in the proviso to the act of February 21st, 1893. Pamph. Acts, 1892-93, p. 186.

The particular question presented for decision is, whether the commissions to which a solicitor may become entitled under the statute referred to, are payable from the State treasury, before the fees upon the amount of which they are to be computed, have been paid into the treasury ; or are they payable when the solicitor has performed the duty of prosecuting defendants in criminal cases to conviction, fixing the amount of the fees and the duty of the proper officers to collect and pay them into the treasury. The latter seems the plain interpretation and construction of the statutes, and especially so when they are read in the light of the history of the legislation touching the compensation of solicitors, and in connection with other statutes having relation to the same subject.

Prior to the act of February 28, 1887, (Pamph. Acts, 1886-87, p. 161), the compensation of solicitors was derived wholly from the fees to which the statute declared them entitled, and which on conviction were taxable as costs against the defendant, and which, if he was insolvent, was paid from the fines and forfeitures in the

county treasury.—Cr. Code, § 4868. The constitution of 1868 substituted county solicitors for circuit solicitors, as they were known in the preceding constitutions and in the statutes, committing the election of them to the qualified voters of the county. The statutes in addition to the fees to which a circuit solicitor ·was entitled, had given him an annual salary of .two hundred and fifty dollars payable from the treasury of the State. The constitution of 1875, restored the office of circuit solicitor, committing to the General Assembly the election to the office. At the first session of the General Assembly after the adoption of the constitution, an act was passed regulating the duties and providing for the compensation of such solicitors, an express provision of which was that an annual salary should not be paid them.—Pamph. Acts, 1875–76, p. 213. There was no event in which the fees to which the solicitor was entitled under this legislation were, or could become, chargeable on the State treasury. The fees, like the fees payable to other officers for services rendered, were essentially the right and property of the solicitor ; they were payable to him, and he could remit or release them, or take in satisfaction whatever he chose.

The purpose of the act of February 28, 1887, and its scope and effect are clearly expressed in the title : ''An act to pay salaries to solicitors instead of the fees which they now receive, and to require said fees to be paid into the State treasury.'' The first section provides that instead of the fees solicitors were entitled to receive for convictions procured by them, each solicitor should receive an annual salary of three thousand dollars to be paid quarterly from the State treasury. The second section provides that all fees which may be by law taxed against defendants upon conviction as solicitors' fees, when collected, should be paid into the State treasury, and the clerks of the courts were required to make to the Auditor quarterly reports of the fees collected in their respective counties. The third section provides, that all solicitors' fees collected from convicts sentenced to hard labor for the county, when collected, should be paid into the State treasury.

The act works, and was intended to work, a radical change in the mode of compensating solicitors. The duties of the office remain as they. were defined by the

pre-existing statute ; in no respect are they changed ; a solicitor is under the same obligation to prosecute all indictable offenses, which rested upon him when his compensation depended upon fees for conviction. While this is true, without regard to the number of convictions which may have been obtained, or the character or amount of the fees to which he would have become entitled, a fixed, annual recompense, payable quarterly from the State treasury, is prescribed. It is not payable of and from the fees which may have been paid into the treasury ; there is no specific fund appropriated to its payment ; it is payable as any other general charge, as the salary of any other officer, executive or judicial, from any moneys in the treasury not otherwise appropriated. The fees remain as fixed by law, and are denominated solicitors' fees ; they are taxable as costs against the defendant convicted, and to their payment he is compelled. They are converted into the right and property of the State, over which the solicitor has no control or power of disposition, and in reference to their collection he is without authority, and has no duty to perform.

The changes of the act of 1887 wrought by the acts of 1893, now under consideration, are, first, the reduction of the fixed salary from three thousand to twenty-four hundred dollars ; second, in the manner of its payment, rendering it payable monthly, as are the salaries of other officers, instead of quarterly. As the salary was reduced, the acts provide for the payment of commissions on fees earned by a solicitor, in addition to the salary, until such commissions equal six hundred dollars, the sum of the reduction of the salary, and these commissions are to be paid, in the words of the acts, ''as the salaries of solicitors are paid.'' The manifest purpose is, compensation to the solicitor for the reduction of the fixed salary, if his services yielded fees payable into the treasury, of all right to which he had been divested, until the commissions equalled the reduction. The words of the acts are plain and unambiguous, and are well adapted to the carrying out of this purpose. The commissions are payable as, or when, the fees are ''earned.'' When the fees were the right and property of the solicitor, compensation to him for specific services rendered, they were earned by him on convictions,

Then he was entitled to demand and receive them. The payment of them could only succeed the earning, and was not his act or duty, but the act and duty of the defendant against whom they were taxed. The solicitor now renders the specific services for the payment of which the fees are taxable against defendants on conviction, and when the services are rendered, the fees *are earned*, not for himself, but for the State, and the State has the exclusive and unqualified right to demand and receive payment of them. There has not been, and there can not be any reason assigned for attaching to the word *earned*, as it is employed in the acts under consideration, a meaning different from that which would have been attached to it, if it had been employed in reference to the fees of solicitors, when the fees were the exclusive right and property of the solicitor. Commissions, the addition to the salary is termed. The word has no technical meaning. As to particular persons, when it is used to express compensation for services rendered, it denotes, as is suggested by the Attorney-General, a percentage on the amount of moneys paid out or received. This is especially true of agents, or of factors, receiving or paying out the moneys of a principal. In this sense, it was not employed in the acts, for the solicitor neither receives nor pays out the fees. The obvious meaning of the word is an allowance of compensation to the solicitor for the rendition of service, the allowance being dependent wholly upon the rendition of the service, and not upon the receiving or payment of the fees.

Reading the words of the acts in their ordinary signification, in the light of the history of the legislation touching the compensation of solicitors, and in connection with the act of February 28, 1887, which remains of force except in the particulars to which we have adverted, we can not doubt, the commissions of a solicitor are payable when he has performed the duty of prosecuting defendants in criminal cases to conviction, fixing the amount of the fees the State is entitled to receive, and duty of the proper officer to collect and pay them into the State treasury. This was the view on which the court below proceeded, and the judgment must be affirmed.