# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

CITY OF RICHMOND V. GRAND LODGE OF VIRGINIA, A. F. & A. M.

June 14, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*James E. Cannon,* for the plaintiff in error.

*Christian & Lamb,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The Grand Lodge of Virginia, A. F. & A. M., hereinafter referred to as the applicant, filed its application in the lower court against the city of Richmond, hereinafter referred to as the defendant, for the correction of an alleged erroneous assessment of taxes for the year 1930, and a refund of the overpayment of taxes for said year which taxes were assessed against a certain lot and building thereon owned by the applicant known as the Masonic Temple located at the southwest corner of Broad and Adams streets in the city of Richmond, Virginia. The taxes for said year were paid by the applicant under protest.

It appears that the real estate in question at the general reassessment made in the year 1925 which was to be effective for the years 1926 to 1930, both inclusive, was assessed for taxation for the sum of $269,710.00. During these years all of the building except a portion of the ground floor and basement which was leased for commercial purposes, was used exclusively for lodge purposes and meeting rooms.

The basis for this application and the relief sought thereby emanates from the amendment of section 244 of the Tax Code by the General Assembly in the year 1928 (Acts 1928, ch. 514). The amended portion of said section reads as follows: " * * * In assessing buildings and the land they occupy which may be owned by benevolent or charitable institutions, but not all of which is used exclusively for lodge purposes or meeting rooms, the commissioner, or other assessing officer, shall only assess for taxation such proportional part of the fair market value

of the entire property as would be the comparative fair market value of the part of such land and buildings not used exclusively for lodge purposes or meeting rooms.

"This section, as hereby amended, shall not be effective unless a proposed amendment to section 183 of the Constitution of Virginia submitted, or which may be submitted by the present General Assembly to a vote of the people for ratification, shall be ratified by the people in accordance with law in the year 1928, in which event this section, as hereby amended, shall be in force on and after January first, nineteen hundred and twenty-nine."

The proposed amendment to section 183 of the Constitution was submitted to a vote of the people for ratification and was duly ratified in accordance with law in the year 1928.

By reference to this amendment to section 183 of the Constitution it will be noted that "the General Assembly may provide for the partial taxation of property not exclusively used for the purposes herein named," and that the amendment as to the class of property here involved, is not self-executing, but required an act of the General Assembly to make it operative.

The General Assembly of 1930 transferred the first paragraph of the above quoted portion of section 244 of the Tax Code in substantially the same language, and enacted it as a part of section 435 of the Tax Code, which latter section specifies what property, real and personal, is exempt from taxation. This act was passed as an emergency measure and became effective from the date of its passage, March 25, 1930.

The lower court by its order of February 16, 1933, held that the assessment for the year 1930 was excessive and erroneous and that the said real estate of the applicant should have been assessed for said year in accordance with the act of Assembly approved March 25, 1930 (Acts 1930, ch. 411), amending sections 244 and 435 of the Tax Code and providing for the partial assessment of the real property of benevolent or charitable institutions

where it is not used exclusively for lodge purposes or meeting rooms. The court fixed the comparative fair market value of the taxable portion of said real estate at $100,000.00, and ordered a refund to the applicant of $3,988.18.

From this order a writ of error and supersedeas were granted.

It is conceded that the application correctly states the facts; that the facts are properly certified in the order; that no question is being raised as to the correctness of the amount of the refund awarded the applicant, but the defendant contends that under the law the applicant is not entitled to any refund whatsoever.

The sole question for determination is whether the applicant is entitled to the relief sought, either under the act of 1928 or the act of 1930. If either act is applicable to the taxes of the applicant for the year 1930, then the order of the lower court must be affirmed. This court will not reverse the judgment of the lower court if its ultimate conclusions are correct even though the grounds assigned therefor are erroneous. *Hogg* v. *Plant*, 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308.

The contention on the part of the defendant is that neither of the aforesaid acts are applicable to the instant case because the commissioner of the revenue under the law had no power to change or alter the assessment made under the quinquennial reassessment of 1925 which was effective for the years 1926 to 1930, both inclusive, as limited by section 251 of the Tax Code, save and except as such authority is given him under sections 259, 260, and 263 thereof (Code 1930, p. 2206). These latter sections direct the commissioner of the revenue to assess buildings not already assessed, new buildings and to reduce the assessed value of buildings injured or destroyed. These have no application to the instant case.

Section 251, as it stood until amended in 1930 (Acts 1930, ch. 411), provided that the value of lands and lots shall only be changed to allow the addition of the value

of improvements, or a deduction of the value of such improvement, "except so far as the same are directed to be corrected by the local board of equalization during the year of a quinquennial assessment of real estate and in the year immediately following such assessment." Acts 1928, ch. 45, section 251.

However, section 244 as amended by the act of 1928 provides that this section "shall be in force on and after January first, nineteen hundred and twenty-nine." Prior thereto in the same section it is provided that "the commissioner, or other assessing officer, shall only assess for taxation * * * that part of the fair market value of the buildings and lands of benevolent and charitable institutions as is not used exclusively for lodge purposes or meeting rooms." The language of the section in terms exempts from taxation such part or parts of the buildings and land of such institutions as are used exclusively for lodge purposes or meeting rooms, and provides only for the assessment of that part of the buildings and land that is used for other purposes.

Then we must determine when the amendment of 1928 to section 244 of the Tax Code became effective under the then existing provisions of the Tax Code. If it was to be given effect at the time specified by the letter of the amendment, who under the law was authorized to make the necessary change of the general reassessment of 1925? Under the usual and elementary rules of construction the language of a statute must be construed so as to give that language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment. Unless it was intended that the act in question should be in force on and after January 1, 1929, there could be no reason for fixing that particular time as its effective date; the language would be meaningless, and entirely superfluous. We do no violence to any rule of construction, nor to the plain mandate of the legislature, when the act is given effect at the time therein specified. The language is clear and unambiguous, and

therefore no construction is necessary save to give the plain and ordinary language its plain and ordinary meaning. It is contended that this cannot be done for the reasons that the commissioner has no authority to change or alter the quinquennial assessment, nor is there any "other assessing officer" who is clothed with any such power at the time fixed for making the assessment under this statute.

It seems to us that it is immaterial whether or not the statute merely exempts property of the class here involved from taxation, apportions the taxes thereon, or requires that an assessment be made of that part of the property which comes within the terms of the act—the result is the same. It is provided that it shall be the duty of the commissioner to assess only that portion of the lands and buildings of such institutions as are not used exclusively for lodge purposes or meeting rooms. The words "or other assessing officer," mean, if there be any such officer, who possesses at the effective date of this statute such authority and power as the existing law and this statute confers upon the commissioner of revenue. This statute places the duty of carrying out its terms upon the "commissioner, or other assessing officer." The performance of the duty of the assessment, apportionment or exemption of the property of the class here involved rests equally as much upon the commissioner of revenue as does the performance of the duties prescribed in sections 259, 260, and 263 of the Tax Code. By necessary implication the amendment of 1928 to section 244 supersedes section 251 of the Tax Code to the extent that the former makes it the duty of the commissioner of revenue to make effective the provisions of said act as amended. This construction is also in accord with section 250 of the Tax Code (Acts 1928, ch. 45), which provides as follows: "Taxes for each year on real estate subject to the quinquennial reassessment shall be extended on the basis of the last general reassessment made prior to such year, subject to such changes as may have been lawfully made."

■ The applicant files a cross-error to the petition of the city on the ground that the applicant should have been awarded costs against the city in this proceeding. This contention is without merit. The court properly passed on this question and refused to allow costs to be taxed against the city in this proceeding.

In view of the foregoing opinion it is not necessary for us to determine the applicability of the act of 1930 under which the lower court decided in favor of the applicant.

We are of the opinion that the order of the lower court should be affirmed.

*Affirmed.*