# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## Home Beneficial Life Insurance Company v. Unemployment Compensation Commission of Virginia and John W. Prins.

October 11, 1943.

Record No. 2698.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Tucker, Bronson, Satterfield & Mays* and *Rixey & Rixey*, for the appellant.

*Abram P. Staples, Attorney General*, and *Kenneth C. Patty, Assistant Attorney General*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The primary question involved in this appeal is whether the appellee, John W. Prins, who was formerly engaged in writing industrial life insurance for the appellant, Home Beneficial Life Insurance Company, had been in the "employment" of that company within the meaning of the Virginia Unemployment Compensation Act.[1] There is the incidental question as to what extent, if any, the Insurance Company is liable under the Act for the payment of payroll taxes on the earnings of Prins and its other industrial life insurance agents who perform similar services for it.

The proceeding was originated by a claim filed by Prins with the Unemployment Compensation Commission for benefits under section 6 of the Act. The Insurance Company resisted the claim on the ground that the claimant

---

[1] Acts 1936-37, Ex. Sess., ch. 1, p. 3, as amended by Acts 1938, ch. 446, p. 1004; Acts 1940, ch. 130, p. 179; Acts 1940, ch. 224, p. 357; Acts 1940, ch. 333, p. 538; Acts 1940, ch. 334, p. 550; Acts 1940, ch. 341, p. 585; Acts 1940, ch. 343, p. 593; Michie's Code, 1940 Supp., section 1887(93) *ff*.

had not been in its "employment" as defined by the amendment to section 2 (j) (7) (N) of the Act, approved March 29, 1940,[2] which reads as follows:

"(7) The term 'employment', after December thirty-first, nineteen hundred thirty-nine, shall not include: ·

 ※ ※ ※ ※ ※ ※ ※

"(N) Service performed by an individual for an employing unit as an insurance agent or as an insurance solicitor, if all such service performed by such individual for such employing unit is performed for remuneration solely by way of commission; * * * ."

The Insurance Company admitted that unless the "service" performed by the claimant was excluded under the terms of the above amendment, he was covered by the Act and was entitled to its benefits.

The matter was first heard by a Deputy who sustained the position of the Insurance Company and disallowed the claim. The claimant appealed to an Examiner who took testimony, made findings of fact and conclusions of law based thereon. By consent of the parties, the scope of the hearing before the Examiner was enlarged so as to involve not only the right of the claimant to benefits under the Act, but also whether the Insurance Company was liable for the payment of pay-roll taxes upon the earnings of the claimant "and all other insurance agents of the same grade or class as the claimant." On the evidence adduced before him, the Examiner held that Prins, the claimant, and such other agents, were in the employment of the Insurance Company, that the latter was liable, under the Act, for the payment of pay-roll taxes on their earnings, and that the claimant was entitled to unemployment benefits.

From this decision the Insurance Company appealed to the Commissioner who sustained and affirmed the decision of the Examiner.

---

[2] Acts 1940, ch. 333, p. 538; Michie's Code, 1940 Supp., section 1887 (94) (j) (7) (N).

Thereafter the Insurance Company, under section 6, subsection (h) of the Act (as amended by Acts 1940, ch. 334, p. 550; Michie's Code, 1940 Supp., section 1887(98)(h) ), filed in the Corporation Court of the city of Norfolk a petition for review against the Unemployment Compensation Commission of Virginia, and Prins, the claimant. The Commission answered the petition and upon an examination of the record the lower court entered a decree sustaining and affirming the decision of the Commissioner. From this decree the Insurance Company has appealed.

The underlying facts are not in dispute. The Home Beneficial Life Insurance Company is a Virginia corporation with its principal office in the city of Richmond, and is engaged in writing both industrial insurance and other forms of life insurance. Prins, the claimant, was employed by the Insurance Company in April, 1940, as a "builder" of an industrial "debit" in the city of Norfolk. He was given a list of policyholders, showing the amount of weekly premiums due by each, and was responsible for the collection of the premiums shown on the list. This list of policyholders showing the items which he was charged to collect was known as his "debit."

The names and addresses of the policyholders shown on the debit defined the territory to be worked by him. However, he was expected to increase the amount of business shown on the debit, and for this purpose was at liberty to obtain customers wherever he could.

Prins was originally employed by Woody, the superintendent of the East Richmond District, under a verbal contract. For collecting the weekly debit assigned to him, he was to receive a minimum weekly stipend of $15 until his weekly collections reached the total of $85, after which he was to receive a straight commission of twenty per cent. of the amount collected. While the verbal testimony on the subject is confusing, an inspection of the documentary evidence clearly shows that after the collections on the weekly debit had once reached $85, the guaranteed weekly payment of $15 ceased, and thereafter Prins was paid a

straight commission of twenty per cent. of the amount actually collected even though the total of the weekly commissions amounted to less than $15.

The purpose of this minimum payment, as explained by an official of the Insurance Company, is to insure a living to a new agent—a debit builder—during the period of his apprenticeship and while he is learning the business and building up a clientele. Unless an agent brings his weekly collections up to $85 within a reasonable time, he will not continue with the company, because on this basis his services are profitable neither to it nor to himself.

Neither the verbal nor the documentary evidence[3] shows for what length of time Prins received the guaranteed weekly minimum sum of $15 for collecting his debit, and for what length of time his remuneration was based on a percentage of his debit collections. But it is clear that during his connection with the company, which continued from April, 1940, until October, 1941, he was compensated first by a guaranteed minimum payment and later by a straight commission.

On the records of the company both the guaranteed minimum payments of $15, as well as the payments calculated on a strictly percentage basis, are termed "Collection Commissions." Prins was not carried on the records as a "Salaried Employee."

In addition to the compensation received for collecting the debit, Prins was paid a "special commission" on the increase, if any, in the amount of his debit.

The manner in which Prins was employed and compensated likewise applies to a number of other insurance agents connected with the appellant company.

Upon this evidence the Examiner and Commissioner held that the service performed by Prins for the appellant com-

---

[3] By stipulation of the parties certain exhibits introduced in other and similar proceedings are made a part of this record. One of the principal exhibits frequently referred to is "Woody Exhibit No. 2." While this is the ledger account of "W. L. Hening, Agent," it is incorrectly referred to, both by the witnesses and in the briefs, as that of Prins, the claimant.

pany was not such "employment" as was excluded by the 1940 amendment to section 2(j)(7)(N) of the Act, because, as they thought, (1) he was not employed "as an insurance agent or as an insurance solicitor" within the meaning of the Act, and (2) he was not remunerated "solely by way of commission", as required by the statute.

The substance of this holding is that the purpose of the amendment is to exclude the service of an "insurance solicitor," such as an ordinary life insurance salesman, but not that of an industrial insurance agent, such as Prins, whose principal duties are to collect premiums.[4]

 This holding, we think, places too narrow an interpretation on the words of the amendment. The "service" excluded is that performed by one "as an insurance agent or as an insurance solicitor".

In 29 Am. Jur., Insurance, sec. 86, p. 110, it is said: "An insurance agent, so far as the insurer is concerned, is a person expressly or impliedly authorized to represent it in dealing with third persons in matters relating to insurance. These agencies are of various kinds and classes, such as general, special, local, resident, soliciting, recording, issuing, collecting, adjusting, etc." See also, *American Casualty Co. v. Ricas*, 179 Md. 627, 22 A. (2d) 484, 487.

From this definition it is manifest that the term "insurance agent" includes both an "insurance solicitor" and "insurance collector."

---

[4] In his written opinion the Commissioner says: "I think that it must have been the intent of the General Assembly to exclude insurance agents and insurance solicitors who are commonly engaged in the business of selling insurance as distinguished from agents whose principal duties are to collect insurance premiums. Individuals ordinarily engaged in soliciting and selling life insurance depend upon commissions for reward for their services. Such agents have such a measure of independence and freedom from control as to make them independent contractors under the common law rule, and the exception (N) it would seem, was written into the Act to remove all doubt as to the status of that type of agent. I am of the opinion that claimant was not an insurance agent as that term is generally used. He was both agent and collector, performing the greater part of his services as a collector."

It is an elementary rule of statutory construction that every word in the statute must be given its full effect if that can be done consistent with the manifest purpose of the act. *City of Richmond v. Grand Lodge*, 162 Va. 471, 476, 174 S. E. 846.

If it had been the intent of the draftsman of the Act to exclude the service of only "an insurance solicitor," why the necessity of adding that of the broader class, "an insurance agent"? Since both classes are found in the statute we must conclude that both were intended to be given effect and were intended to be excluded.

Moreover, we think the Commissioner's interpretation of this phase of the amendment fails to take into consideration its history. As originally designed, most of the unemployment compensation statutes carried no such exemption provisions with respect to insurance agents or solicitors. Consequently the courts classified industrial life insurance agents as "employees" covered by the Act. *Life, etc., Ins. Co. v. Unemployment Compensation Commission*, 178 Va. 46, 16 S. E. (2d) 357, and cases there cited. However, by 1940, many of the States had adopted amendments, substantially in the same language as that now under review, exempting certain classes of insurance agents.

Likewise, the Federal Social Security Act was amended in 1939. Among the numerous changes was the addition of a paragraph which exempted from "employment" covered by the Act, "(14) Service performed by an individual for a person as an insurance agent or as an insurance solicitor, if all such service performed by such individual for such person is performed for remuneration solely by way of commission; * * * ." U. S. C. A., Title 26, sec. 1607(c)(14); 53 Stat. 1392.

This exemption provision was written in the statute by the Senate Committee on Finance.[5] In explaining the purpose of this amendment on the floor of the Senate, Senator Harrison, the then Chairman of the Committee, said:

---

[5] See Senate Committee Report on "Social Security Act Amendments of 1939," Calendar No. 793, Report No. 734, 76th Congress, 1st Sess., p. 86.

" * * * Several States have exempted insurance salesmen from coverage, and your committee believes that it would be wise to exclude from the Federal unemployment-compensation tax insurance salesmen whose sole pay is by way of commission. This would, of course, still leave the States free to cover this employment when they choose to do so, but it would eliminate the present situation, where the entire Federal tax, without any offset for State unemployment contributions, comes to the Federal Government where the State exempts this employment. *The principal class of insurance salesmen which would be affected is that class engaged in what is generally called industrial insurance.* * * * ."[6] (Italics supplied.)

█ It will thus be observed that it was the avowed purpose of the amendment to the Federal statute to affect and to exclude from the Act the service of industrial insurance salesmen or agents, provided they are remunerated "solely by way of commission".

Since the adoption of the amendment to the Virginia Act followed shortly after the adoption of the amendment to the Federal Act, and the two are couched in almost identical language, we may assume that both had the same purpose.

This brings us to the next contention of the appellant which is, that Prins' remuneration was "solely by way of commission" within the meaning of the amendment.

█ While, as we have said, in their dealings the parties referred to the guaranteed minimum weekly stipend as a "commission," and it was carried on the records of the Insurance Company as such, we are not bound by this terminology, but must look beyond it to the actual relationship of the parties. *Unemployment Compensation Commission* v. *Harvey*, 179 Va. 202, 215, 18 S. E. (2d) 390, 396.

█ "Commissions," when "used to express compensation for services rendered," usually denotes "a percentage on the amount of moneys paid out or received." *Purifoy* v. *Godfrey*, 105 Ala. 142, 16 So. 701, 703.

---

[6] See Congressional Record, 76th Congress, 1st Sess., p. 12352.

"Salary" is generally defined as "a fixed annual or periodical payment for services, depending upon the time and not upon the amount of services rendered." See *Benedict* v. *United States*, 176 U. S. 357, 360, 20 S. Ct. 458, 44 L. Ed. 503; *In re Information to Discipline Certain Attorneys*, 351 Ill. 206, 184 N. E. 332, 359; *King* v. *Western Union Tel. Co.*, 84 S. C. 73, 65 S. E. 944, 946.

As is pointed out in *Greer* v. *Hunt County* (Tex. App.), 249 S. W. 831, 832, "The controlling element in determining whether the amount to be received is upon a commission or salary basis is whether that amount, by whatever name it may be called, is absolute and fixed, regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions."

Tested by these principles we think it is clear that the guaranteed weekly minimum payment of $15, which was made to Prins prior to the time that his weekly debit collections amounted to $85, was a salary and not a commission. This payment was not based on a percentage of the collections made. On the contrary, it was a fixed and periodical remuneration for his services, which depended solely upon the length of time of the services performed and not upon the amount of such services. The guaranteed weekly stipend was not contingent upon the results obtained other than that the collections did not exceed $85. So long as the collections fell below this amount, the claimant was to be paid the guaranteed minimum amount regardless of whether his results were good or bad.

It thus appears that during his connection with the Insurance Company the claimant was compensated partly by a fixed salary—that is, during the period in which he was building his weekly debit collections up to $85—and partly by commissions, after his debit collections had passed the specified sum. In this situation, we think the Commissioner correctly held that the claimant's remuneration was not "solely by way of commission", and that hence his "service" was not excluded by the 1940 amendment.

Our view with respect to this is again fortified by a reference to the history of the amendment to the Federal statute. Speaking of this amendment, the Report of the Senate Committee on Finance states: "Paragraph (14) eliminates from coverage insurance agents and solicitors if the remuneration for which they perform their services is on a commission basis solely. *If any part of such remuneration is a fixed salary the agent or solicitor is covered and the tax is computed on the basis of his aggregate remuneration (for example, salary or salary plus commissions).*"[7] (Italics supplied.)

This statement likewise disposes of the appellant's contention that the employment of Prins was exempt after his weekly debit collections had reached $85, and that it did not include his compensation for writing new business. As the italicized extract from the Senate Report on the Federal amendment points out, "If any part of such remuneration is a fixed salary" the agent is covered, and "the tax is computed on the basis of his aggregate remuneration"—that is, his "salary or salary plus commissions."

■■ The result, therefore, is that where an agent is compensated during a calendar year partly by a guaranteed minimum salary of $15 per week and partly by a commission on the amount of his weekly collections, as is the case here, he is covered by the Act, and the unemployment tax is to be computed on the basis of his aggregate remuneration for that year.

■ On the other hand, those agents or solicitors who are remunerated "solely by way of commission"—that is, whose compensation is computed strictly on a percentage of their collections—are not covered by the Unemployment Compensation Act, and the Insurance Company is not liable for pay-roll taxes based on their earnings.

■ Since the Commissioner was of opinion that the 1940 amendment did not apply to or exclude the service of any of the appellant's industrial agents, he necessarily held

---

[7] See Senate Committee Report on "Social Security Act Amendments of 1939," Calendar No. 793, Report No. 734, 76th Congress, 1st Sess., p. 86.

that the Insurance Company was liable for the pay-roll taxes on the earnings of this entire class of agents, including those who were compensated "solely by way of commission". However, inasmuch as his major premise with respect to the latter class of agents was wrong, his conclusion was likewise wrong.

In the decree appealed from the decision of the Commissioner is "in all respects sustained and affirmed." The decree will be modified to conform to the views expressed by us, and as so modified will be affirmed with directions that the matter be remanded to the Unemployment Compensation Commission for further proceedings consistent with what we have here said.

*Modified and affirmed.*