CHIASSON, Judge.
This is an unemployment compensation case. George Hubbard (Hubbard) was employed by United Insurance Company of America (United) for approximately six months. Hubbard missed three work days due to sickness and on August 19, 1976 he was discharged by United. On November 11, 1976, Hubbard filed an application for unemployment compensation.
United advised the Louisiana Department of Employment Security (Department) that Hubbard was not eligible for unemployment compensation benefits because his type of employment was exempt from the Employment Security Law of the State of Louisiana.
The Department determined that Hubbard was entitled to unemployment benefits. United appealed that determination and a hearing on the appeal was held on January 4, 1977 before an Appeals Referee who affirmed the original determination of the Department.
United then appealed to the Board of Review pursuant to La.R.S. 23:1630. The Board of Review’s decision, dated March 25, 1977, denied the appeal and affirmed the decision of the Appeals Referee. The decision of. the Appeals Referee therefore became the decision of the Board of Review. La.R.S. 23:1630.
United timely filed a petition for judicial review pursuant to La.R.S. 23:1634. The Department filed its answer and return on judicial review attaching.thereto a certified copy of the administrative record as required by law.
United then filed a motion for summary judgment which, after a hearing thereon, was granted by the trial court. The judgment reversed the determination of the Appeals Referee and the Board of Review of the Department of Employment Security. The Administrator of the Department of Employment Security has filed this appeal from the judgment of the District Court.
*959 The record establishes that Hubbard was a duly licensed insurance agent who worked for United. Hubbard sold insurance policies and collected debits owed to United. Hubbard’s method of payment was strictly by commissions upon the insurance policies he sold and upon collections he made.
Hubbard’s claim for benefits was resisted by United on the ground of exclusion from coverage under La.R.S. 23:1472(12)(H)(IX). That section provides in pertinent part as follows:
“(H) The term ‘employment’ shall not include:
* * * * * *
“(IX) service performed by an individual as an insurance agent or as an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission;”
$ * * sfc *
The Department contends that the “insurance agent or solicitor” referred to in the exemption are those agents who, for the lack of control, are to be characterized as independent contractors in the sense that they need not rely on the company to maintain their earnings. The Department further contends that a debit route collector such as Hubbard, however, must rely on the company’s debits to maintain his earnings and is not an “insurance agent” within the meaning of La.R.S. 23:1472(12)(H)(IX).
The issue therefore is whether an industrial insurance agent such as Hubbard, who collects insurance premiums as well as sells new insurance policies, is eligible for unemployment compensation. No Louisiana decision interpreting the law at issue herein has been cited nor have we been able to find any decision on point. There are two lines of jurisprudence on the subject from other courts. We believe the better view is as expressed in the following cases:
In Commonwealth Life & Accident Insurance Co. v. Board of Review, 414 Ill. 475, 111 N.E.2d 345 (1953) the court stated:
“Although there seems to have been little controversy over the question in the proceedings below, appellants make the contention that the claimant was not an ‘insurance agent’ or an ‘insurance solicitor’ within the meaning of the controverted section and, thus, not exempt. They argue that the legislature, by the terms employed, intended to remove from coverage only those agents or solicitors who sold new insurance exclusively and who had no territory or debit, were not engaged in the collection of premiums, received no advances and were compensated solely on a commission basis. This, in effect, is the holding in Capital Life & Health Ins. Co. v. Bowers, 4 Cir., 186 F.2d 943, wherein the court interpreted a provision of the Federal Unemployment Tax Act, 26 U.S.C.A. § 1607(c)(14), identical with the Illinois provision. We do not impute such a narrow construction to the Illinois provision for several reasons.
“The exclusionary provision was incorporated into the Federal Unemployment Tax Act by an amendment passed by Congress in 1940. Subsequently, Illinois and thirty-eight other States adopted identical or similar provisions in their own Unemployment Compensation Act. The history of the Federal legislation, which is fully discussed in Washington National Ins. Co. v. Employment Security Comm., 61 Ariz. 112, 144 P.2d 688, and Home Beneficial Life Ins. Co. v. Unemployment Compensation Comm., 181 Va. 811, 27 S.E.2d 159, shows that the exclusionary provision was enacted because of disagreements among courts as to the coverage of industrial insurance agents who collect premiums, as well as life insurance agents paid solely by commission. In explaining the purpose of the amendment, the chairman of the congressional committee stated: ‘ * * * Several states have exempted insurance salesmen from coverage, and your committee believes that it would be wise to exclude from the Federal Unemployment [compensation] Tax insurance salesmen whose sole pay is by way of commission. This would, of course, still leave the states free to cover this employment when they choose to do so, but it would eliminate the *960 present situation, where the entire federal tax, without any offset for state unemployment contributions, comes to the federal government where the state exempts this employment. The principal class of insurance salesmen which would be affected, is that class engaged in what is generally called industrial insurance.’ 61 Ariz. 112, 144 P.2d 692. The Arizona and Virginia courts, in the cases cited above, as well as the court in American National Ins. Co. v. Keitel, 353 Mo. 1107, 186 S.W.2d 447, concluded from this comment that the avowed purpose of the Federal amendment was to exclude from the act the service of industrial salesman or agents, provided they are remunerated solely by way of commission, and that the State amendments, being couched in identical language, had the same purpose.”
In Home Beneficial Life Insurance Company v. Unemployment Compensation Comm., 181 Va. 811, 27 S.E.2d 159 (1943) the Court was called upon to determine the status of an industrial insurance salesman under the Virginia unemployment statute, which contains a similar exemption for insurance agents. The Appellate Court held:
“This holding [that industrial insurance agents are not within the exemption provision], we think, places too narrow an interpretation on the words of the amendment. The ‘service’ excluded is that performed by one ‘as an insurance agent or as an insurance solicitor’.” (wordings in brackets added).
“In 29 Am.Jur., Insurance, § 86, p. 110, it is said: ‘An insurance agent, so far as the insurer is concerned, is a person expressly or impliedly authorized to represent it in dealing with third persons in matters relating to insurance. These agencies are of various kinds and classes, such as general, special, local, resident, soliciting, recording, issuing, collecting, adjusting, etc.’ See also, American Casualty Co. v. Ricas, 179 Md. 627, 22 A. 484, 487.
“From this definition it is manifest that the term ‘insurance agent’ includes both an ‘insurance solicitor’ and ‘insurance collector.’
“It is an elementary rule of statutory construction that every word in the statute must be given its full effect if that can be’ done consistent with the manifest purpose of the act. City of Richmond v. Grand Lodge, 162 Va. 471, 476, 174 S.E. 846.
“If it had been the intent of the draftsman of the Act to exclude the service of only ‘an insurance solicitor,’ why the necessity of adding that of the broader class, ‘an insurance agent’? Since both classes are found in the statute we must conclude that both were intended to be given effect and were intended to be excluded.”
We are in accord with the rationale of these cases and, for the reasons expressed therein, we hold that Hubbard is not eligible for unemployment compensation.
The decision of the trial court is affirmed.
AFFIRMED.