**Mary L. VAUGHN, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri, Division of Employment Security of the State of Missouri, and Atlanta Life Insurance Company, Respondents.**

**No. 42176.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

**64**

Stanley H. Sicher, Legal Services of Eastern Mo., Inc., University City, for appellant.

Larry Ruhmann, Div. of Employment Sec., Jefferson City, Kevin Hare, Counsel Labor & Indus. Relations Commission, Jefferson City, for respondents.

REINHARD, Judge.

Claimant appeals from a judgment of the circuit court affirming a decision of the Labor and Industrial Relations Commission denying claimant unemployment compensation.

Claimant initially filed a claim for compensation which was heard by a referee of the Division of Employment Security. The referee denied benefits and the Labor and Industrial Relations Commission adopted his finding. At the initial hearing before the referee, claimant was the only witness who appeared. The cause was continued so that claimant's former employer, Atlanta Life Insurance Company, might present evidence; no representative of the employer appeared. Therefore, the only evidence before the referee was claimant's testimony and a W–2 form entered by claimant as an exhibit.

The referee rendered his decision and denied claimant unemployment compensation. The referee found that claimant "was paid remuneration for her services in collecting her debit and in selling policies on a commission basis." In reaching his decision, the referee specifically relied upon *American Nat. Ins. Co. v. Keitel*, 353 Mo. 1107, 186 S.W.2d 447 (Mo.1945) which he interpreted as holding "that remuneration paid to insurance agents for the collection of premi-

ums in a debit was commissions and that such agents were excluded from coverage under the [Employment Security] Act . . . ." Section 288.034 RSMo.1978 is the relevant section of the Act, providing in pertinent part:

1. 'Employment' means service, . . performed for wages or under any contract of hire, . . . .

.   .   .   .   .

12. The term 'employment' shall not include:

.   .   .   .   .

(11) Service performed by an individual for a person as an insurance agent or as an insurance solicitor, . . . if all such service performed by such individual for such person is performed for remuneration solely by way of commissions; . . . . (emphasis added).

Before proceeding, we should note the standard of review for an administrative case such as this. The decision under review is that of the administrative agency, not that of the circuit court. *Ingram v. Civil Service Commission*, 584 S.W.2d 633 (Mo.App.1979). In cases involving unemployment compensation, the burden is clearly upon the claimant to establish a right to the benefits. *Haynes v. Unemployment Compensation Commission*, 353 Mo. 540, 183 S.W.2d 77 (1944). Therefore, we must view the evidence in the light most favorable to the Commission, and may not substitute our judgment on the evidence for theirs. *Trail v. Ind. Com'n, Div. of Employment Sec.*, 540 S.W.2d 179 (Mo.App.1976).

We are authorized only to decide whether, upon the whole record before it and the reasonable inferences therefrom, the Commission could reasonably have reached this decision. *Blackman v. Industrial Commission, Div. of Emp. Sec.*, 491 S.W.2d 18 (Mo.

App.1973). We are bound by the Commission's findings of fact, provided that they are "supported by competent and substantial evidence . . . ." Section 288.210 RSMo.1978. We are not bound, however, by the Commission's opinion as to a question of law, *Id.*, nor where there is a mixed question of law and fact, *Trail v. Ind. Com'n, Div. of Employment Sec.*, 540 S.W.2d 179 (Mo.App.1976).

We turn now to the testimony which was before the Commission. Claimant testified that she had been employed as an agent by the Atlanta Life Insurance Company for a period commencing on June 20, 1977 and ending on March 17, 1978. She had apparently taken over the debit books of a previous agent, and her duties involved servicing the debit area by collecting premiums, removing policies that had lapsed, and so forth. She could also write new insurance policies.

Claimant expressly testified that the employer had guaranteed her a salary of $125 per week for the first thirteen weeks of her employment (the first quarter) in return for servicing the debit. She also testified that she had received these weekly payments, and that the $125 per week was a fixed amount, not contingent upon the amount of her insurance sales or premium collections. Claimant testified that in the second quarter she received $125 per week, plus the commissions due from policies sold in the first quarter; in the third quarter she received $125 per week, plus commission from policies sold in the second quarter offset by the amount of policies that had lapsed in her debit.

Before us, both parties agree that if claimant received a guaranteed salary during the first thirteen weeks, she is entitled to benefits under the Missouri Employment Security Law provisions.[1] Respondents ar-

---

1. Despite the referee's interpretation of the law, we believe that it is clear that if an insurance agent is provided some fixed payment in addition to payments dependent upon his sales or collections, he is no longer compensated solely by commission and is therefore eligible for unemployment coverage. In *American Nat. Ins. Co. v. Keitel*, 353 Mo. 1107, 186 S.W.2d 447 (Mo.1945), the court recognized this point and carefully distinguished the case before it from cases involving some amount of fixed compensation. *See also, Washington Nat. Ins. Co. v. Employment Security Comm'n*, 61 Ariz. 112, 144 P.2d 688 (1944); *Commonwealth Life & Acc. Ins. Co. v. Board of Review*, 414 Ill. 475, 111 N.E.2d 345 (1953); *Peoples Life Ins. Co. v.*

gue that the evidence does not conclusively reveal that claimant was receiving a guaranteed income for that period of time. We have closely examined the transcript and are unable to agree with respondents; we have been unable to find any inconsistency in claimant's testimony in this regard.

Respondents further argue that claimant's income during the first quarter was, in fact, commission because it might have been based upon the efforts and sales of her predecessor. On the facts here, this argument is tenuous. In fact, the very case which the referee relied upon, *American Nat. Ins. Co. v. Keitel*, 353 Mo. 1107, 186 S.W.2d 447 (Mo.1945), refutes respondents' argument. There, the court indicated that the insurance agent was compensated entirely by commission because "his entire compensation was based on the results achieved by his *own* efforts." *Id.* at 449 (emphasis added).

■ We agree with respondents' contention that an administrative body may weigh the credibility of testimony received, and may choose to believe or disbelieve all or part of any witness' testimony, even where the only evidence is the testimony of the claimant himself. *Cross v. Industrial Commission*, 359 S.W.2d 494 (Mo.App.1962). However, it is also well established that it is not proper for an agency to "arbitrarily disregard or ignore undisputed testimony of a witness not shown to have been impeached or disbelieved . . . ." *Mo. Church of Scientology v. State Tax Comm.*, 560 S.W.2d 837, 843 (Mo.banc 1977), *appeal dismissed*, 439 U.S. 803, 99 S.Ct. 57, 58 L.Ed.2d 95 (1978). *Accord, Koplar v. State Tax Commission*, 321 S.W.2d 686, 695 (Mo. 1959); *Sanderson v. Producers Commission Ass'n*, 360 Mo. 571, 229 S.W.2d 563 (1950).

■ In the case at hand, the evidence explicitly showed that claimant received a fixed salary during the first thirteen weeks of her employment. No other interpretation or inference from the evidence is reasonable on the record before us, nor were

there grounds shown upon which this evidence could have been impeached or disbelieved. Even after indulging every consideration and inference in favor of the Commission, we are of the opinion that the Commission's decision was unreasonable and clearly contrary to the overwhelming weight of the evidence. *Rives v. Labor & Indus. Rel. Comm.*, 592 S.W.2d 252 (Mo.App. 1979).

Therefore, judgment of the trial court is reversed and the cause remanded with directions to enter a judgment reversing the decision of the Commission denying unemployment compensation benefits.

DOWD, P. J., and CRIST, J., concur.

*Maryland Dept. of Emp. Sec.*, 256 Md. 350, 260 A.2d 287 (1970); *Home B. Life Ins. Co. v.*

*Unemployment C. Commission*, 181 Va. 811, 27 S.E.2d 159 (1943).