**DIVISION OF EMPLOYMENT AND TRAINING, Petitioner,**

v.

**Grant MOEN, Western Farm Bureau Life Insurance Co., and Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 88CA0281.

Colorado Court of Appeals, Div. I.

Dec. 29, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, First Asst. Atty. Gen., Karen E. Leather, Asst. Atty. Gen., Denver, for petitioner.

Sherman & Howard, P.C., Clara Michiko Ooyama, Denver, for respondent Western Farm Bureau Life Ins. Co.

No appearance for respondent Grant Moen.

No appearance for respondent Indus. Claim Appeals Office.

HUME, Judge.

Division of Employment and Training, petitioner, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held that services performed by Grant L. Moen for Western Farm Bureau Life Insurance Company (Western) did not constitute employment for purposes of determining Western's liability for unemployment compensation tax. We affirm.

Moen performed services as an insurance agent for Western from May 1, 1985, through July 1986. Western paid each agent a commission based on a percentage of premiums received on policies he sold (percentage commissions). In addition, Western also allowed new agents to participate in an optional 24–month finance plan (the Plan), which provided that participating agents were eligible for additional remuneration in the form of a training allowance, if certain requirements were met.

In order to qualify for the training allowance, an agent needed to fulfill two monthly requirements. First, he had to submit three completed customer applications for life insurance policies. Second, he was required to have at least one life insurance policy issued to a customer in each month after the first month of the agent's association with Western.

If the submission and issuance requirements were met, Western then determined the agent's actual training allowance using a formula based on his Net Annualized First Year Commission (NAFYC), his contractually chosen base maximum training allowance, and his monthly percentage commissions. The NAFYC represented the cumulative commissions earned by the agent, and was calculated each month as a measure of his efforts.

The Plan schedule set forth a minimum NAFYC which the agent must meet or exceed in order to receive a training allowance, as well as the maximum base training allowance for which the agent had contracted. Over the 24–month period of the Plan, the minimum required NAFYC figure increased monthly, and as it increased, the maximum base training allowance decreased.

Unless the agent's NAFYC calculated for any given month met the minimum

NAFYC required by the schedule, he did not receive any training allowance for that month. However, if the agent met the minimum required NAFYC, and if he had fulfilled the submission and issuance requirements, then he would be entitled to receive a training allowance. The amount of the actual training allowance entitlement was determined by subtracting one-half of his percentage commissions for a given month from the maximum base training allowance for that month. Thus, the total compensation paid to an agent in any month consisted of his percentage commissions for that month and any monthly training allowance he was eligible to receive.

After a tax liability hearing, the hearing officer concluded that, except for July 1986, Moen had been under covered employment for the duration of his contract with Western pursuant to Colo.Sess. Laws 1983, ch. 83, § 8–70–103(11)(*l*) at 435; § 8–70–103(11)(q), C.R.S. (1986 Repl. Vol. 3B); and § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B). The hearing officer accordingly ordered Western to pay unemployment compensation taxes as Moen's employer.

On appeal, the Panel concluded that the hearing officer's ultimate factual findings and conclusions were not supported by the evidence, and reversed the hearing officer's decision. Based upon its interpretation of the applicable statutory and contractual provisions, the Panel concluded that for tax liability purposes the services performed by Moen were not employment pursuant to Colo.Sess. Laws 1983, ch. 83, § 8–70–103(11)(*l*) at 435, prior to May 28, 1986, and were not employment after May 28, 1986, pursuant to § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B). In view of these conclusions, the Panel did not consider the hearing officer's determination that Moen's services constituted employment under § 8–70–103(10)(a), C.R.S. (1986 Repl. Vol. 3B).

## I.

■ Petitioner contends that the Panel erred as a matter of law in concluding that Moen was not in covered employment prior to May 28, 1986. Petitioner argues that, although Moen's training allowance was not related to the number of hours he worked, neither was it directly related to his sales or other output and that, therefore, Moen was in covered employment pursuant to Colo.Sess. Laws 1983, ch. 83, § 8–70–103(11)(*l*) at 435, from April 1985 through May 28, 1986. We disagree.

Pursuant to Colo.Sess. Laws 1983, ch. 83, § 8–70–103(11)(*l*) at 435, employment does not include services by an individual as an insurance agent or insurance solicitor if:

"(I) All the remuneration, whether or not paid in cash, for the performance of such services is directly related to sales or other output, including the performance of services, instead of the number of hours worked; and

"(II) The services are performed pursuant to a written contract between such person and the person for whom the services are performed and such contract provides that the person shall not be treated as an employee with respect to such services for federal tax purposes."

This statute was in effect during Moen's tenure as a Western agent from May 1985 through May 28, 1986. It was repealed effective May 28, 1986, when § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B) became effective. *See* Colo.Sess.Laws 1986 ch. 74 at 541, 547.

Petitioner has not contested the Panel's determination that the requirement of § 8–70–103(11)(*l*)(II) was satisfied by Moen's written contract with Western. Consequently, the only issue in dispute is whether Moen's remuneration for the performance of his services during this time frame was "directly related to sales or other output, including the performance of services, instead of the number of hours worked" pursuant to § 8–70–103(11)(*l*)(I). We agree with the Panel that it was.

Here, Moen's eligibility for, and amount of, the allowance was directly determined by his performance in soliciting applications and selling insurance policies. Ab-

sent compliance with his contractual performance requirements, Moen could not qualify for the allowance. If he did fulfill these requirements, Moen's actual compensation was determined by computing the value of his services rendered to Western during each month. Consequently, because we conclude Moen's commissions and training allowance fell within the ambit of Colo.Sess.Laws 1983, ch. 83, § 8–70–103(11)(*l*)(I) at 435, we find no error in the Panel's conclusion that he was not in covered employment prior to May 28, 1986, for tax liability purposes.

## II.

■ Petitioner also contends that the Panel erred in concluding that Moen was not in covered employment after May 28, 1986. Petitioner argues that Moen's training allowance was a salary, advance, or other type of fixed periodic payment, and therefore, his services were not performed for remuneration solely by way of commission. We again disagree.

Section 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B), which became effective May 28, 1986, provides that "employment" does not include:

"Service performed by an individual for a person as an insurance agent or an insurance solicitor, if all such service performed by such individual for such person is performed for remuneration solely by way of commission."

The term "commission" has not been defined in the Colorado Employment Security Act. However, § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B) parallels a similar provision in the Federal Unemployment Tax Act, 26 U.S.C. § 3306(c)(14). Therefore, our interpretation of the Colorado statute is aided by regulations interpreting the federal provision, *see Industrial Commission v. Arteaga*, 735 P.2d 473 (Colo.1987), as well as by persuasive authority from other jurisdictions interpreting similar statutory provisions.

The federal regulation, 26 C.F.R. § 31.3306(c)(14)–1(b), which interpreted 26 U.S.C. § 3306(c)(14), provides some guidance in interpreting § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B). It states:

"If all or any part of the remuneration of an ... insurance agent or insurance solicitor ... is a salary, none of his services performed as an insurance agent or insurance solicitor ... are excepted from employment, and his total remuneration (for example, salary, or salary and commissions) for such services is included for purposes of computing the tax."

It appears, then, that the drafters of the federal statutory sections contemplated two major methods of remuneration for insurance agents and solicitors: salary and commissions. We conclude, based upon the similar wording of the statutes, that the drafters of § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B) intended to follow the federal statutory scheme.

In determining how to define the term "commission" as distinguished from salary or wages in interpreting § 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B), we find the following definitions and general principles persuasive.

"The word 'commission', when used to denote compensation for work performed, as is ordinarily understood, means *compensation paid upon results achieved.* It especially applies to agents selling their masters' wares on a percentage basis." (emphasis supplied)

*American National Insurance Co. v. Keitel*, 353 Mo. 1107, 186 S.W.2d 447 (1945).

"Salary is generally defined as a fixed annual or periodical payment for services, *depending upon the time and not upon the amount of services rendered.*

. . . .

"The controlling element in determining whether the amount to be received is upon a commission or salary basis is whether that amount, by whatever name it may be called, *is absolute and fixed regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions."* (emphasis supplied)

*Home Beneficial Life Insurance Co. v. Unemployment Compensation Commission,* 181 Va. 811, 27 S.E.2d 159 (1943). *See also Reliable Life Insurance Co. v. United States,* 356 F.Supp. 235 (E.D.Mo. 1973); *Washington National Insurance Co. v. Employment Security Commission,* 61 Ariz. 112, 144 P.2d 688 (1944); *Commonwealth Life & Accident Insurance Co. v. Board of Review,* 414 Ill. 475, 111 N.E.2d 345 (1953).

Here, in applying these principles and definitions to the formula in question, we conclude, as did the Panel, that Moen was remunerated solely by way of commission. His eligibility for, and the amount of, the training allowance was determined monthly, and was based upon the results he had achieved as measured by his submitted applications, issued policies, and commissions earned. The time he spent in rendering services was never a factor in determining either his percentage commissions or his training allowance. Furthermore, the amount of any actual training allowance he received was not a fixed periodic payment, but a variable amount determined by calculating the value of the performance he rendered to Western. We reject petitioner's argument that commissions must be calculated only on a straight percentage of sales.

The Panel adopted a broader construction of the phrase "solely by way of commission" than that proposed by petitioner. Under the Panel's construction, compensation which is calculated upon and varies with the agent's production efforts is remuneration received solely by way of commission. We conclude that the Panel's construction is reasonable and is in accord with the purposes of the statutory scheme. *See American National Insurance Co. v. Keitel, supra; Unemployment Compensation Commission v. Union Life Insurance Co.,* 184 Va. 54, 34 S.E.2d 385 (1945).

THE ORDER IS AFFIRMED.

PIERCE and MARQUEZ, JJ., concur.