HUMPHREYS, J.,
with whom FELTON, J., joins, dissenting.
I concur in the majority’s analysis and holdings with respect to all issues presented in this appeal, save one. Specifically, I must respectfully disagree with the majority’s conclusion that the plain language of Code § 19.2-271 barred Judge Baskervill from testifying at the contempt hearing. Although I entirely agree that the “victim of a crime” language in Code § 19.2-271 is inapplicable to this factual situation, I believe that the plain language of the statute does not encompass situations where the testifying judge had not considered, in *721 her judicial capacity, the “matter” about which she was testifying. Thus, I would affirm the trial court’s decision to admit Judge Baskervill’s testimony.
Code § 19.2-271 provides, in pertinent part, that “[n]o judge shall be competent to testify ... as to any matter which came before him in the course of his official duties.” (Emphasis added). I agree with the majority’s interpretation of “matter” as, generally, “[a] subject under consideration.” Black’s Law Dictionary 992 (7th ed. 1999). I believe, however, that the majority neglects to either interpret or apply another important phrase appearing in this statute: the language “came before.” In my view, the majority’s construction of the statute renders this phrase virtually meaningless, thereby giving short shrift to the “elementary rule of statutory construction that every word in the statute must be given its full effect____” Home Beneficial Life Ins. Co. v. Unemployment Compensation Comm’n, 181 Va. 811, 819, 27 S.E.2d 159, 162 (1943).
Specifically, the majority states that “[i]t is the ‘official duty’ of the judge, not the location of the ‘matter,’ that controls.” However, by using the language “came before,” I believe the legislature manifested its clear intent that the judge must have considered the “matter” in his or her judicial capacity. Although the statute does not indicate that the judge must have formally presided over the matter during a trial or hearing, I believe the language “came before,” when narrowly construed,[11] indicates that the matter must have been present *722 ed to the judge in a manner involving some form of a deliberative process. Said differently, the matter must have “come before” the judge when she was in a position to actually pass judgment on that particular issue.
Here, although Judge Baskervill issued the April 16 and July 1 orders and, thus, should not have been permitted to testify as to the substance of those orders,[12] she did not issue the show cause order for contempt. Nor did she preside over any hearing regarding the contempt or issue any form of a judicial decision or opinion regarding the Sheriffs misconduct. Thus, although the April 16 and July 1 orders certainly “came before” her, the “matter” of whether Sheriff Epps violated those orders did not. Because it was the latter that was “under consideration” at the contempt hearing, and about which Judge Baskervill primarily sought to testify, I believe that Code § 19.2-271 did not render Judge Baskervill wholly incompetent to testify at the contempt hearing.
Finally, as the majority notes, Judge Baskervill was engaged in the course of her official duties when she observed the contemptuous conduct. But that is not the judicial behavior at which the statute is directed. Rather, I believe the judge must have considered the contemptuous conduct while in the course of her judicial duties. Observing a defendant’s misconduct is not equivalent to considering that conduct in a judicial capacity. Cf. Carter v. Commonwealth, 12 Va.App. 156, 158-59, 408 S.E.2d 360, 361-62 (1991) (construing identi *723 cal language in Code § 19.2-271 pertaining to clerks of court and concluding that the statute “does not prevent a clerk from testifying how and whether he has performed a ministerial function”).
Accordingly, I would hold that the trial court did not err in concluding that Judge Baskervill was competent to testify at the contempt hearing regarding the out-of-court conduct of the appellant because the “matter” about which she sought to testify never “came before [her].” Thus, I respectfully dissent from that portion of the majority’s analysis and holding and would affirm the judgment of the trial court.

. The majority asserts that Judge Baskervill "sought [Epps] out precisely because of her official involvement in the entry of the orders and her belief that Sheriff Epps had violated them.” The majority then concludes that "[i]t was in the course of these 'official duties’ that Judge Baskervill observed the behavior about which she testified.” Beyond disagreeing that it is reasonable to conclude that Judge Baskervill was fulfilling any “official duty” when she confronted Sheriff Epps, such an expansive interpretation of the plain language of this statute ignores another important principle of statutory construction. Statutes that "operate to limit the introduction of relevant evidence ... must be strictly construed....” Bennett v. Commonwealth, 236 Va. 448, 456, 374 S.E.2d 303, 309 (1988). Thus, because Code § 19.2-271 frustrates *722 the fact-finding process by disqualifying individuals who would otherwise be competent to testify, the statute should be narrowly construed against the disqualification of the witness and in favor of the admissibility of evidence. See id.; see also Va. Elec. & Power Co. v. Bowers, 181 Va. 542, 546, 25 S.E.2d 361, 362 (1943) ("While this statute has its useful purposes it is in derogation of the common law, and, therefore, must be strictly construed.”).

. However, because those orders were admissible regardless of whether Judge Baskervill testified at the hearing, I also believe that error was harmless. See Young v. Commonwealth, 194 Va. 780, 782, 75 S.E.2d 479, 481 (1953) (holding, in the context of a contempt proceeding, that "[fjormal proof of the [underlying] order was not necessary as the court could take judicial notice of its own order”).