PRESTON *v.* UNITED STATES.

*(District Court, W. D. Missouri, W. D.* October Term, 1888.)

1. COURTS—FEDERAL COURTS—CLAIMS AGAINST UNITED STATES—REJECTION BY COMPTROLLER.

Under act Cong. March 3, 1887, forbidding district courts to entertain claims against the government, "which have heretofore been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same," the court must dismiss a claim rejected by the comptroller of the treasury. Following *Bliss* v. *U. S.,* 34 Fed. Rep. 781; *Rand* v. *U. S.,* 36 Fed. Rep. 671.

2. SAME—COURT OFFICERS—MESSENGER AND CRIER.

There is no incompatability between the offices of crier and messenger of the district and circuit courts; and under the rule in *U. S.* v. *Saunders,* 120 U. S. 126, 7 Sup. Ct. Rep. 467, the same person may perform the duties and receive the salaries of both.

At Law. Action by James H. Preston for compensation for services rendered.

*Quarles & Guffin,* for plaintiff.

*M. E. Benton,* for the United States.

PHILIPS, J. This is an action to recover compensation for plaintiff's services as crier of the district court and circuit court of the United States for the Western district of Missouri. The petition alleges that the plaintiff, under proper appointment, performed services as crier of said courts, on certain days between the 2d day of January, 1886, and the filing of this petition on the 23d day of May, 1888; and that the aggregate of his *per diem* amounts to $438, for which he asks judgment. The court finds the facts to be substantially as follows: That from the 2d day of January, 1886, up to the time of the institution of this suit, the plaintiff performed the duties in said courts of messenger, from which he received from the government a *per diem* compensation of two dollars; that during this same period, under appointment by the court, he also performed the duties of crier of said courts, during their sessions from January 2, 1886, up to the 23d day of May, 1888. The answer alleges, and the court finds the facts to be, that for the services thus rendered as crier the plaintiff was paid by the government up to February 8, 1886, since which time the comptroller of the treasury department has rejected the claims for such compensation on the ground that the plaintiff was not entitled to compensation for the two services of messenger and crier. As to so much of the claim as precedes the 3d day of March, 1887, the court holds that it has not jurisdiction over the subject-matter, as by the proviso of section 1 of the act of March 3, 1887, conferring jurisdiction on this court over such actions, the court cannot hear and determine such claims "which have heretofore been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same." It has been expressly held by Judge BREWER in *Bliss* v. *U. S.,* 34 Fed. Rep. 781, followed by WEBB, J., in *Rand* v. *U. S.,* 36 Fed. Rep. 671, that the comptroller of the treasury having charge of the adjustment of

accounts against the government, a rejection of an account by him is, in contemplation of said proviso, a rejection by a department authorized to hear and determine the same. It being conceded at the hearing that so much of the plaintiff's claim as precedes the 3d day of March, 1887, was presented to and rejected by said comptroller, it follows that this court has no jurisdiction "to hear and determine the same."

The court finds from the evidence that since the 3d day of March, 1887, to the 22d day of May, 1888, the plaintiff, under appointment by the courts, has rendered service as such crier for 88 days. The only remaining question, therefore, to be determined is, whether or not the law entitles the plaintiff to compensation for such services. I think this question is fully answered by the supreme court in *U. S.* v. *Saunders*, 120 U. S. 126, 7 Sup. Ct. Rep. 467, in which it is held that a person who holds two distinct, compatible offices or positions of employment, and performs the duties of each, may lawfully receive the salary of each. If there be no incompatibility between the respective duties of the two offices or employments, and the functions of each are separate and distinct, he is entitled to recover two compensations. The evidence in this case shows, what the observation of the court confirms, that the two duties of messenger and crier, performed by the plaintiff, are not only compatible, but, although performed contemporaneously, were distinct in their character, and devolved upon the plaintiff a double work. His duties, for instance, as messenger of the court, attached and were performed on the same day, prior to the sitting of the court, often during its sitting, as also during the noon recess of the court, and for the residue of the day after the adjournment of the sitting of the court. The one duty was in nowise connected with or in continuation of the other. No reason is therefore apparent why the plaintiff should not receive the compensation allowed by law for the performance of this double service, when there was no conflict of duty, nor any incompatibility between the office of crier and the employment of messenger. By section 715, Rev. St., U. S., such crier is allowed the sum of $2 per day. The court therefore finds that the plaintiff is entitled to recover for the period of 88 days between the 3d day of March, 1887, and the 23d day of May, 1888, $2 per day, making in the aggregate $176. Judgment accordingly.