## BENEDICT *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 485. Argued January 15, 1900. — Decided February 26, 1900.

Extra compensation received by a District Judge for holding court outside of his own district is no part of his official salary, or recoverable as such under the provisions of the retiring act.

THIS was a petition by the late District Judge for the Eastern District of New York, for his retiring salary, under Rev. Stat. § 714, at the rate of $6800 per annum, which the petition avers was the salary which was by law payable to him during the year previous to his resignation. The petitioner acknowledges the payment of $5000 and claims a residue of $1800, to which he avers himself to be justly entitled.

Upon hearing the case and upon the consent of parties, the Court of Claims found the following facts:

"First. The petitioner, Charles L. Benedict, is a citizen of the United States, of lawful age, and resides at Dongan Hills, Staten Island, in the city of New York, and State of New York.

"Second. In the month of April, 1865, the petitioner was duly appointed by the President of the United States Judge of the District Court of the United States for the Eastern District of New York.

"Third. The petitioner duly entered on the duties of his office, and duly performed the same until the year 1897, during which, and on or about the 20th of July, 1897, he resigned his office, having then held his commission as judge of said court for more than ten years, and having attained the age of 70 and upward.

"Fourth. Since the passage of the act of February 7, 1873, the petitioner has held, under the provisions of that act and the Revised Statutes, to wit, sections 613 and 658 of the Revised Statutes, the six terms of the Circuit Court of the United States for the Southern District of New York, referred

to in said statutes, in every year, and has received for holding each of said terms the sum of $300; the same being paid to him by the United States marshal for the Southern District of New York, pursuant to sections 613 and 597, Revised Statutes.

"Fifth. That the same was paid upon a voucher in substance as follows:

(Omitted.)

"The total amount thus paid annually to the plaintiff was $1800.

"Sixth. That such payments to the petitioner by the marshal were from time to time allowed in the marshal's accounts and paid to him out of the appropriations for defraying the expenses of the courts of the United States.

"Seventh. During the year previous to the petitioner's resignation he received the said $1800 for that year, in accordance with the provisions of sections 613, 597 and 658, Revised Statutes, as above set forth, and also the salary of $5000, payable to him, as provided by the act of Congress of February 24, 1891, 26 Stat. 783, out of the appropriation to pay the salaries of District Judges of the United States.

"Eighth. During the year since his resignation petitioner has only received as salary the sum of $5000, which sum has been received by him without prejudice to the claim which he makes in this proceeding.

"Ninth. The petitioner presented to the auditor of the State and other departments a bill for the amount of his salary claimed by him herein to be remaining due and unpaid, and made claim on the auditor for the payment of said bill, but the auditor refused to audit or approve the said bill, and no part of the said $1800 has been paid to him."

The petition was dismissed, (34 C. Cl. 388,) and petitioner appealed to this court.

*Mr. Robert D. Benedict* for appellant.

*Mr. Assistant Attorney General Pradt* for appellees.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

By Revised Statutes, sec. 714, "when any judge of any court of the United States resigns his office, after having held his commission as such at least ten years, and having attained the age of seventy years, he shall, during the residue of his natural life, receive the same salary which was by law payable to him at the time of his resignation."

In April, 1865, petitioner was appointed by the President, Judge of the District Court of the United States for the Eastern District of New York, and served as such until July 20, 1897, when he resigned his office, having then held his commission for over thirty years, and attained the age of seventy years and upwards. The salary of all District Judges was fixed by the act of February 24, 1891, c. 287, 26 Stat. 783, at the rate of $5000 per annum. There is no question made but that petitioner was entitled to this amount, and that it has been paid him.

The controversy arises over the proper construction of the act of February 7, 1873, reproduced in Rev. Stat. §§ 658 and 613. By section 658 it is enacted that "the regular terms of the Circuit Courts shall be held in each year, at the times and places following: . . . in the Southern District of New York, at the city of New York, . . . exclusively for the trial and disposal of criminal cases, and matters arising and pending in said court, on the second Wednesday in January, March and May; on the third Wednesday in June, and on the second Wednesday in October and December;" and by section 613 it is provided that "the terms of the Circuit Court for the Southern District of New York, appointed exclusively for the trial and disposal of criminal business, may be held by the Circuit Judge of the Second Judicial Court (Circuit) and the District Judges for the Southern and Eastern Districts of New York, or any one of said three judges; and at every such term held by said judge of said Eastern District he shall receive the sum of three hundred dollars, the same to be paid in the manner now prescribed by law for the payment of the expenses of another District Judge while holding court in said district."

The facts are that, after the passage of this act of February 7, 1873, petitioner held each year the six terms of the District

Court of the United States for the Southern District of New York, referred to in the statute, and received for holding each of said terms the sum of $300, amounting in all to $1800 per annum. Petitioner now insists that this was a part of the salary which was by law payable to him at the time of his resignation, within the meaning of the retiring act, sec. 714, and should, therefore, be added to the $5000 per annum admitted to be due him.

The case in reality turns upon the meaning of the word "salary," as used in section 714. The word "salary" may be defined generally as a fixed annual or periodical payment for services, depending upon the time and not upon the amount of services rendered. *Thompson* v. *Phillips*, 12 Ohio St. 617; *Landis* v. *Lincoln County*, 31 Oregon, 427; *Dane* v. *Smith*, 54 Alabama, 49; *State* v. *Murphy*, 24 Florida, 33; *Castle* v. *Lawler*, 47 Conn. 345; *Commonwealth* v. *Butler*, 99 Penn. St. 542. As applied to District Judges in general, and indeed to every District Judge except the Judge of the Eastern District of New York, it doubtless refers to the salary of $5000 fixed by the act of February 24, 1891. Such salary is an annual stipend, payable in sickness as well as in health, for duties much more onerous in some districts than in others, and regardless of the fact whether such duties are performed by the Judge in person, or by the Judge of another district called in to take his place. It is a compensation which cannot be diminished during the continuance of the incumbent in office, and of which he cannot be deprived except by death, resignation or impeachment.

Wholly different considerations apply to the compensation provided for by section 613. To entitle the Judge of the Eastern District of New York to the $300 per term, provided for by that section, it is necessary that the term be actually held by him, when he is paid for his services in the manner provided by law for the expenses of a District Judge holding court in another district than his own. He may hold but one term a year, for which he would receive $300. He may hold three terms, for which he may receive $900, or he may hold the entire six terms and receive $1800. Such compensa-

tion is a variable quantity, dependent upon the number of terms held by the Judge. Upon the theory of the petitioner, if he had held but one term during the year previous to his resignation, he would be entitled to but $300 in addition to his regular salary of $5000. The fact that he was able to hold the entire number of six terms for the twenty-four years preceding his resignation is a tribute to his industry, faithfulness and capacity, as well as to his good health, but it does not affect the question in a legal point of view. This compensation was not only for services actually performed, but was subject to be diminished or taken away at the will of Congress. It was something entirely distinct from the salary paid to him as Judge of the District Court for the Eastern District of New York, but was in fact, as was held by the Court of Claims, extra pay for extra work performed — for particular as distinguished from continuous services.

We are all of opinion that the judgment of that court was right, and it is therefore

*Affirmed.*

Mr. Justice McKenna did not sit in this case.