## UNITED STATES v. SHEA et al.

District Court, D. North Dakota, S. E. D. Jan. 13, 1932.

Peter B. Garberg, U. S. Atty., of Fargo, N. D.

Conmy, Young & Conmy, of Fargo, N. D., for defendants.

SANBORN, District Judge.

From July 1, 1924, to December 15, 1925, the defendant James F. Shea was United States Marshal for the district of North Dakota; the defendant company was the surety upon his bond; Allen Lynn was court messenger for the United States District Court of that district, and also court crier. From July 1, 1924, to June 30, 1925, Shea paid to Lynn for services as court crier the sum of $1,305, and also paid him for services as messenger $780, or a total of $2,085. On February 9, 1927, the comptroller general disallowed the sum of $780 paid Lynn as messenger. From July 1, 1925, to December 15, 1925, Shea paid Lynn for services as court crier $645, and for services as court messenger $357.50, or a total of $1,002.50. On February 9, 1927, the comptroller general disallowed the payment of $357.50. Demand was made upon Shea and his surety for the refund of the two items disallowed, but they refused to refund; hence this suit.

The positions of court crier and court messenger were separate and distinct posi-

tions, each of which had its own duties and compensations. Prior to July 1, 1924, Shea paid Lynn $65 a month as messenger, and as court crier $3 a day for his services as such for each day court was in session. After that date he was paid on the basis of $5 a day as crier. For days when court was not in session, he was paid nothing. Had the two positions been held by different individuals, no question as to the propriety of the payments would be raised.

The government bases its right of recovery on the sole ground that under section 58, title 5, U. S. C. (5 USCA § 58), Shea could not pay to Lynn compensation for his services both as messenger and crier, because the rate of compensation for both offices exceeded $2,000 per annum.

Section 58 reads as follows: "Unless otherwise specifically authorized by law, no money appropriated by any act shall be available for payment to any person receiving more than one salary when the combined amount of said salaries exceeds the sum of $2,000 per annum." When considered in connection with sections 62, 69, and 70 of the same title (5 USCA §§ 62, 69, 70), the purpose of section 58 seems clear. Prior to the enactment of section 58, it had been held that the law did not prohibit one person from holding two separate offices, the duties of which were compatible, and drawing the salary of each; such person being regarded as two officers and not one. United States v. Saunders, 120 U. S. 126, 7 S. Ct. 467, 30 L. Ed. 594; Preston v. United States (D. C.) 37 F. 417.

In the absence of section 58, Lynn would clearly have been entitled to his pay both as court messenger and court crier, since the duties of one were entirely compatible with the duties of the other. Preston v. United States, supra.

The purpose of section 58 was to prevent one person drawing the salaries of two or more positions, the duties of which were not incompatible, if the combined salaries were more than $2,000 per annum.

If Lynn can be said to have been "a person receiving more than one salary," he was not entitled to receive more than the salary of one position if the salary of the other position added to it would make the two salaries combined amount to more than $2,000 per annum. His salary as messenger was $780 a year. As a court crier, his compensation was fixed at $5 a day for each day court was actually in session. If there were no sessions of court, he got nothing. If court was held

300 days in the year, he would get $1,500. There was no way of determining in advance what compensation he might receive as crier. The sum of his salary as messenger, plus his per diems as crier, might be much less than $2,000, or it might be more. Actual experience demonstrated that it was about that amount.

The construction placed by the comptroller general upon the section in question, in so far as it relates to persons holding two or more positions with fixed salaries attached aggregating more than $2,000, is undoubtedly correct; for the rate of pay is the sum of the fixed salaries and is determinable in advance, and, regardless of whether the duties of the two offices are or are not compatible, the officer could draw only the larger of the salaries.

■ The word "salary," however, has a definite meaning. "A fixed sum to be paid by the year for services." Burrough's Law Dictionary. Webster's New International Dictionary defines salary: "The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals for services; fixed regular wages, as by the year, quarter, or month"; and under "wages" says: "Salary and stipend denote a fixed compensation, commonly paid at longer intervals than wages."

In Benedict v. United States, 176 U. S. 357, 360, 20 S. Ct. 458, 459, 44 L. Ed. 503, the Supreme Court said: "The word 'salary' may be defined generally as a fixed annual or periodical payment for services, depending upon the time, and not upon the amount, of services rendered." It was there held that compensation which was a variable quantity, dependent upon the number of terms held by the judge, was not salary. .

A court bailiff or court crier, whose compensation has recently been $5 a day for each day the court was actually in session, has not been, so far as I am aware, regarded as a salaried officer of the court. His pay is dependent upon the number of days court is in session, and his employment is frequently dependent upon the same contingency.

■ While the question is not entirely free from doubt, I am of the opinion that Congress, in enacting section 58, intended to reach only those persons who were receiving fixed salaries from more than one position, the amount of which depended on no contingency and the aggregate of which was in excess of $2,000, and did not intend to prevent a person who held one position at a fixed salary from holding another position and receiving

per diems therefor, the amount of which in any year was uncertain and impossible of determination in advance, and, which, added to the fixed salary, might or might not make his aggregate compensation exceed $2,000.

In view of this construction, it is unnecessary to discuss any other question involved.

· I find the facts to be as stated in the stipulation.

A judgment of dismissal upon the merits may be entered.