## UNITED STATES v. GORMAN.
### Civ. No. 1848.

District Court, E. D. Louisiana, New Orleans Division.

March 3, 1948.

N. E. Simoneaux, Asst. U. S. Atty., of New Orleans, La., for plaintiff.

Deutsch, Kerrigan & Stiles and Breard Snellings, all of New Orleans, La., for defendant.

DAWKINS, District Judge.

The Government demands repayment of the sum of $803.48, after crediting defendant with the sum of $133.54 from the retirement fund, as the amount of salary he is alleged to have received from one of two positions, with the Post Office Department and W.P.A. respectively, held by him at the same time, in violation of Section 58, Tit. 5 U.S.C.A.

Defendant has moved for summary judgment on the pleadings, his affidavit and the stipulation of counsel, praying that plaintiff's demands be rejected and further that he recover the sum of $133.54 so withheld. The stipulation had to do with the $133.54 only admitted to be in the retirement fund to defendant's credit applied by the Government as a credit on its claim. In his affidavit defendant states that "during the period from June 19, 1938, until November 16, 1939, he was employed both for the Federal Works Progress Administration and by the Postal Department * * * earning the amounts set forth in the complaint * * *"; that he held both jobs "with the full knowledge and consent of his superiors" in each department, working for the Works Progress Administration "from 7 A.M. to 4 P.M." and for the Post Office "from 4:30 P.M. or later and usually ending at or before 9 P.M."; that there was "no conflict or incompatability whatsoever in the holding of said two jobs"; that his employment for the Post Office was as a "substitute clerk at an hourly wage of 65¢ per hour"; and "that his said employment was on a basis of from hour to hour and that said employment was solely and exclusively within the discretion of his im-

mediate supervisor as to whether he would be employed at all upon any particular day, and if employed, for how many hours; that deponent was employed only during the rush period at the Richmond Post Office and then for not exceeding three or four hours per day, except during the Christmas rush, when he was employed for a greater number of hours."

The matter has been submitted on defendant's said motion for summary judgment. The complaint alleges that defendant received compensation, which he admits, as follows:

| "Period | Post Office | W.P.A. |
|---|---|---|
| From June 19, 1938 to November 3, 1938 | $300.95 | $241.14 |
| From November 4, 1938 to May 3, 1939 | $381.55 | $366.87 |
| From May 4, 1939 to November 16, 1939 | $329.01 | $415.00." |

Thus, the total compensation from the Post Office Department from June 19, 1938 to November 16, 1939, some 16 months and 27 days, was $1,011.51, and from the W.P.A. for the same period of time, $1,023.01, or a total from both positions for the 16 months and 27 days of $2,034.52. On a daily, monthly and annual basis this would be about $3.93 per day, $120.37 per month or $1,444.45 per year. It is stated in defendant's affidavit and not denied, that he was employed as a "substitute postal clerk", at an hourly wage of 65¢ and that he continued at this work "solely and exclusively within the discretion of his immediate superior as to whether he would be employed at all on any particular day and if employed, for how many hours" and that said employment did not exceed three or four hours per day except during the Christmas holidays * * *."

Section 58 of Title 5 U.S.C.A. provides: "Unless otherwise specifically authorized by law, no money appropriated by any act shall be available for payment to any person receiving more than one salary when the combined amount of said salaries exceeds the sum of $2,000 per annum."

It is conceded that defendant's actual compensation from both jobs did not amount to as much as $2,000 for any 12 months period, but the Government contends that, because, if he had worked full time for 12 months at 65¢ an hour in the post office and at the same time had drawn his salary with the W.P.A., the two together would have exceeded $2,000. In other words it is said that since full time employment at 65¢ an hour would amount to more than enough when added to the W.P.A. compensation to exceed $2,000, the matter must be considered upon the possibilities rather than what actually happened. This would be true if there was a prescribed salary whether monthly, hourly or weekly, for the duties to be performed, which defendant was to receive whether he worked or not.

The word "salary", it has been held, implies the receipt of a fixed stipend, whether by the year, month or week, regardless of his being able to perform and actually discharging his duties continuously during working hours. Benedict v. United States, 176 U.S. 357, 20 S.Ct. 458, 44 L.Ed. 503; United States v. Shea, D.C., 55 F.2d 382. Here the compensation in the post office was on an hourly basis of 65¢ and was paid only for the time actually worked, of three or four hours per day. In this respect it was not a salary but payment on an hourly basis for labor as it was performed at that rate and nothing more.

It is the view of this Court that the case does not fall within the purview of this statute, and that defendant is entitled to summary judgment rejecting plaintiff's demand, and for the recovery of the $133.54 withheld from his retirement account.

**Proper decree should be presented.**