**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Robert GRANT and Fidelity and Deposit Company of Maryland, Defendants-Appellees.**

**No. 11724.**

United States Court of Appeals Seventh Circuit.

Oct. 15, 1956.

**512**

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub,

Asst. Atty. Gen., Robert S. Green, Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., Samuel D. Slade, Richard M. Markus, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Alton G. Hall, Henry R. Barber, Springfield, Ill., for defendant-appellee, Fidelity and Deposit Company of Maryland.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

From an order of the district court sustaining defendants' motion to dismiss plaintiff's amended complaint, on the ground that it fails to state a claim upon which relief can be granted, plaintiff appeals.

The controlling facts averred in the amended complaint are: defendant Grant (for whom no appearance has been filed in this court) was the duly appointed United States marshal for the Southern District of Illinois, and was subject by law to the supervision and direction of the attorney general of the United States; on May 1, 1950, Grant, as principal, and the other defendant herein, as surety, gave bond in favor of plaintiff, conditioned on the faithful performance by the defendant Grant of all the duties of the office of United States marshal; said bond was duly approved by a district judge and recorded in accordance with the provisions of 28 U.S.C.A. § 544 (a); Grant received salary of approximately $11,500 from plaintiff for the period between June 15, 1950, and February 15, 1952, on his certification that he had properly and faithfully discharged his official duties during that period; "the provisions of the United States Marshal's Manual applicable to the defendant Grant during that interval required prior authorization or approval from the Department of Justice before marshals and their deputies could travel outside their respective districts except in effecting service of process; but that throughout the period from June 15, 1950, to February 15, 1952, the defendant Grant, 'with-

out the knowledge or authorization of the Attorney General or the Department of Justice, absented himself from his office and engaged in extensive travel beyond the limits of the Southern District of Illinois in the conduct of activities outside the scope of his official duties as United States Marshal, and wholly failed and neglected to perform his official duties as United States Marshal'."

The amended complaint also states that "plaintiff has been damaged in the approximate sum of $11,500 which represents the salary paid by the plaintiff to the defendant, as set out in paragraph 6 above, and plaintiff makes no claim for nominal damages, or any damages other than the salary."

One of the specific grounds set forth in defendants' motion to dismiss is that "as an officer of the United States the marshal was entitled to all salary payments accruing during his tenure regardless of any misconduct or nonfeasance". Plaintiff states the contested issues before us in this manner:

"1. Whether a United States Marshal is entitled to retain salary accrued during his tenure of office despite gross misconduct, total nonfeasance of his official duties and prolonged unauthorized absence from his assigned district?

"2. Whether a United States Marshal's gross misconduct, unauthorized absence from his assigned district, and prolonged failure to perform any official duties constitute a breach of his faithful performance bond for which he and his surety are liable in an amount equal to salary payments made to him?"

■ 1. Plaintiff contends that federal law controls the disposition of this case, while defendants' counsel differs but avers that the federal law and state decisions are to the same effect and therefore there is no occasion for us to resolve that question. Accordingly, we will follow the federal law. See Royal Indemnity Co. v. United States, 313 U.S. 289, at page 296, 61 S.Ct. 995, at page 997, 85 L.Ed. 1361.

2. The constitution of the United States, Art. II, § 2, U. S. Constitution, provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

The constitution thus divides federal officers into two classes. The primary class requires a nomination by the President and confirmation by the Senate. In regard to officers inferior to those specially mentioned, Congress might by law vest their appointment in any of the manners indicated. United States v. Germaine, 99 U.S. 508, 509, 25 L.Ed. 482, 483. In that case the court said:

" * * * That all persons who can be said to hold an office under the Government about to be established under the Constitution were intended to be included within one or the other of these modes of appointment there can be but little doubt."

Congress has provided for the appointment of United States marshals. 28 U.S.C.A. § 541 reads:

"(a) The President shall appoint, by and with the advice and consent of the Senate, a United States marshal for each judicial district. * * * (c) Each marshal shall be appointed for a term of four years * * *".

■ Accordingly, we hold that defendant Grant at the times referred to in the amended complaint was an officer in the primary class.

His salary was provided for by Congress by the enactment of 28 U.S.C.A. § 552, which reads: "The Attorney General shall fix the salaries of the United

States marshals and their deputies and clerical assistants."

The word "salary" may be defined generally as a fixed annual or periodical payment for services, depending upon the time, and not upon the amount, of services rendered. " * * * It is a compensation which cannot be diminished during the continuance of the incumbent in office, and of which he cannot be deprived except by death, resignation, or impeachment. * * *" Benedict v. United States, 176 U.S. 357, 360, 20 S.Ct. 458, 459, 44 L.Ed. 503, 504. This decision was, in effect, approved in Smith v. Jackson, 246 U.S. 388, 390, 38 S.Ct. 353, 62 L.Ed. 789, 790, affirming 5 Cir., 241 F. 747, which incorporated and approved an exhaustive opinion by Judge Clayton, a district judge.

The salary paid to Grant, having been fixed by the attorney general, became the salary attached to office which Grant held, and was a salary provided by law.

Counsel for plaintiff admit that there is a rule (to quote their language) "applicable to a limited class of officeholders, which permits them to recover salary accrued during tenure without having performed services or during periods of extended absence". They say that this rule "is derived from judicial interpretation of the legislative acts creating those offices." However they state that both state and *federal* courts have construed legislation as creating an absolute right to salary as an incident to the office, "where the nature of the office is such that the broad discretionary powers given the officeholder cause him to be deeply involved in the problems of his office even during periods of absence from his specified duty post." They say that this consideration does not apply to the office of marshal, contending that "the ministerial character of most of the marshal's duties do not require reflection or deliberation when he is away from his duty post." If the test suggested were ever applied, courts would have great difficulty in determining whether a marshal while attending a baseball game or a veterans' convention was or was not required to then reflect or deliberate upon acts which he had done or was to do in the future in performing his official duties. There has been called to our attention no federal decision to support the test, probably because it lacks the objective delineation required of a practicable judicial standard.

In 1953, Congress amended the Annual and Sick Leave Act [1] by providing, in effect, that chapter 23 of said act should not apply to enumerated officers in the executive branch of the government and such other officers *(except* postmasters, United States attorneys, and *United States marshals)* as may be designated by the President. This of course left marshals covered by the act as amended.

§ 2061(c) (1) (C) also provided: "No officer in the executive branch of the Government * * * to whom this chapter applies shall be deemed to be entitled to the compensation attached to his office solely by virtue of his status as an officer." By the 1953 amendments it is apparent that Congress changed the existing rule of law, as applied to marshals, and since then a marshal has not been entitled to his salary solely by virtue of his status as an officer. This change is consistent with our conclusion that, prior to the 1953 amendment, he was entitled to his salary solely by virtue of his status as an officer.

Plaintiff however contends that the 1953 amendment was merely a clarification of the then existing law. The history of the 1953 amendment does not support plaintiff's position. That history is relevant as showing the intent of Congress, which must prevail.

In Sen.Rept. No. 294, pp. 1–2, 83rd Cong. 1st Sess., 2 U.S.Code Congressional and Admin.News 1953, pp. 1788–1790 it is said, with respect to the act making the 1953 amendments:

"Second, it settles the basic question of which officers shall be en-

[1] 5 U.S.C.A. § 2061.

titled *in the future* to the compensation attached to their office by virtue of their status as an officer. Conversely, it settles, also, which officers *no longer* shall be entitled to the compensation attached to their office solely by virtue of their status as an officer. This brings to an end *the present* unwarranted double advantage of these officers to statutory leave benefits and freedom to absent themselves from duty as they see fit. *In the future* officers in the first category will retain their freedom so far as hours of work are concerned but they will lose any statutory rights to leave and lump-sum payments. Officers in the second category will retain their statutory rights to leave but will lose their freedom with respect to hours of work. In other words such officers along with all employees will be required to work under the regular statutes and regulations governing hours of work and leaves of absence."

And at page 3 of the report, there is added:

"This section provides further that officers not so exempted from the 1951 Leave Act shall *no longer* be deemed to be entitled to compensation solely by virtue of their status as an officer." [2]

**2.** Also in a Conference Report, House Rept. No. 629, p. 7, 83rd Cong. 1st Sess., U.S. Code Congressional and Admin. News, 1953, p. 1796, pertaining to said amendments it was said with respect to said sentence in Title 5 U.S.C.A. § 2061 (c) (1) (C) providing that no officer shall be entitled to the compensation attached to his office by virtue of his status as an officer, *viz.:*

" * * * The purpose of such provision is to *establish* a standard under which it can be determined which officers in the executive branch are entitled to the compensation attached to their respective offices solely by virtue of their respective statuses as officers and which officers in the executive branch are not so entitled. *Hereafter* * * * officers exempted from the Annual and Sick Leave Act of 1951 will retain their freedom to absent themselves from duty on their own volition but will not receive statutory leave or lump-sum payments for unused annual leave. Those officers not exempted from such act will *lose their present freedom* to absent themselves from duty as they see fit but will retain their right to statutory leave benefits and be subject to the laws and regulations governing hours of work, leaves of absence, and related matters." (Emphasis supplied.)

The italics we have supplied for emphasis.

We think it is clear that Congress in 1953 intended to and did effect a change in the law and that it thereby recognized that prior thereto various officers, including United States marshals, were entitled to receive their salaries as incident to their respective offices.

Whatever regulations applicable to marshals were promulgated by the attorney general prior to 1953 cannot affect the conclusion which we reach.

■ We hold that the salary of marshal Grant belonged to him as an incident to his office and was in no way impaired by his alleged absence therefrom or neglect to perform his official duties.

■ 3. It is significant that the amended complaint does not seek any damages sustained by plaintiff due to Grant's alleged absence or failure or neglect to perform his official duties, other than a sum "which represents the salary paid by the plaintiff to the defendant." The amended complaint distinctly states that plaintiff makes no claim for nominal damages, or any damages other than the salary. In view of that position thus taken by plaintiff, and our holding that Grant was entitled to the salary payments as an incident to his office, no relief can be granted to plaintiff on the amended complaint.

For these reasons, the judgment of the district court is affirmed.