KENTUCKY UNEMPLOYMENT INSUR-ANCE COMMISSION, etc., et al., Appellants,

v.

WESTERN & SOUTHERN LIFE INSUR-ANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

May 25, 1962.

Paul E. Tierney, Frankfort, for appellants.

J. Leland Brewster, Kyte, Conlan, Heekin & Wulsin, Cincinnati, Ohio, for appellee.

BIRD, Judge.

The Kentucky Unemployment Insurance Commission by appropriate order declared the Western and Southern Life Insurance Company liable for unemployment insurance taxes on a specific group of its agents operating in Kentucky.

The Insurance Company appealed to the Franklin Circuit Court. The Commission's order was there voided and it appeals to this Court.

The controversy concerns "covered employment" as defined by KRS 341.050(1) and by an exception contained in KRS 341.-050(5) (i):

"341.050 Covered employment.

"(1) As used in this chapter, unless the context clearly requires otherwise and subject to the other provisions of this section, 'covered employment' means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied in which the relationship of the individual performing such service and the employing unit for which such services are rendered is, as to those services, the legal relationship of employer and employe. * * *

"(5) Unless the employing unit thereof has elected that such services become covered employment under the provisions of subsection (3) of KRS 341.250, 'covered employment' does not include: * * *

"(i) Service performed by a worker for an employing unit as an insurance agent or as an insurance solicitor, if all such service performed by such worker for such employing unit is performed for remuneration solely by way of commission."

The Insurance Company contends that its agents are covered by the quoted exception.

The agents involved were employed by contract containing the following pertinent provisions:

"V.–C. Weekly Premium Commissions.

"1. Collection and Service Commissions. The Agent shall be paid weekly a Collection and Service Commission equal to one-thirteenth of the applicable percentage shown below of his Weekly Premium re-

mittances during his preceding fiscal quarter:

Less than five years of active service— 12%

Five or more years of active service— 13%

For Minimum Collection and Service Commission see Paragraph G of this Section. * * *

"V.–D.   Monthly Debit Ordinary Commissions.

"1.   Collection and Service Commissions.   The Agent shall be paid weekly a Collection and Service Commission equal to one-thirteenth of the applicable percentage shown below of his Monthly Debit Ordinary remittances during his preceding fiscal quarter:

Less than five years of active service— 6%

Five or more years of active service— 6½%

For Minimum Collection and Service Commission see Paragraph G of this Section. * * *

"V.–G.   Minimum Collection and Service Commission.

"If the combined Weekly Premium and Monthly Debit Ordinary Collection and Service Commissions payable under Paragraphs C–1 and D–1 of this Section are less than $40 a week, such combined commissions shall be $40 a week."

The Commission claims that V–G provides for a guaranteed weekly wage of $40 for each agent and that remuneration is therefore not solely by way of commission so as to relieve the employer of the tax liability.

Our consideration of V–G does not lead us to the conclusion reached by the Commission.   Rather than being a guaranteed

weekly wage this Court considers it as an increase in rate of commission under V–C and V–D when the prescribed rate does not produce as much as $40 per week.   Section V–G specifically says the "*commissions* shall be $40 per week."   The parties to the contract of employment understood that the remuneration was a commission rather than salary or specified wage.

It is the Court's conclusion that the employment of these agents is covered by the exception and is not "covered employment" within the meaning of the Act.

The judgment is affirmed.