Joseph C. Marchione, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Monumental Life Insurance Co., Respondents.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John H. Clark, Jr.,* for petitioner.

*Steven R. Shepard,* Assistant Secretary and Assistant Counsel, for respondent, Monumental Life Insurance Company.

OPINION BY JUDGE WILLIAMS, JR., March 12, 1981:
Joseph C. Marchione (claimant) appeals from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying him eligibility for unemployment benefits. The referee decided that the claimant, a former insurance agent, had been remunerated for his services ''solely by way of commission'' in terms of Section 4(l)(4)(17) of the Unemployment Compensation Law (Law),[1] and therefore was not eligible by tandem force of Section 401(a) of the Law.[2]

The issue presented by this case is whether or not a contractually fixed minimum weekly remuneration provided to the agent-claimant during his employment represented a ''commission.'' For, if the minimum was not a commission, but instead wages or salary, then the claimant was not remunerated ''solely by way of commission'' as to be excluded from unemployment coverage by the above sections of the Law.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(1)(4)(17). The effect of this definitional provision is that the meaning of the word *"Employment"* under the Act shall not include "[s]ervice performed by an individual for an employer as an insurance agent . . . if all such service performed by such individual for such employer is performed for remuneration solely by way of commission. . . ." (Emphasis added.)

[2] 43 P.S. §801(a). This provision includes as a requirement of eligibility for unemployment compensation that the claimant "have" been paid wages for *"employment."*

Until December 31, 1978, claimant Marchione worked as a debit agent for the Monumental Life Insurance Company (Monumental) in its Upper Darby, Pennsylvania, office. He had been an agent for Monumental about 43 years; but on the mentioned date he was forced to retire under company rules.

At all times material to this case Marchione was remunerated by Monumental according to the terms of a labor agreement between the employer and claimant's union. The central element in the remuneration scheme was the "sales commission," which was based on the "annualized" premiums from insurance sold by and credited to an agent. An agent's "annualized" premiums were multiplied by a rate from a schedule of rates for various kinds of insurance sold, and the resulting figure was credited to an account called an agent's "sales commission pool." It was from this "pool" that an agent received actual sales commission *payments*. The amount of weekly sales commission payments was computed by applying a rate from another table of rates to the balance of the sales commission pool. The amount of weekly sales commission payments arrived at through this formula was referred to in the labor agreement as the "sales commission payout."

In addition to the *sales* commission payout Monumental's agents were contractually eligible for a myriad of other commissions, including one of special significance to this case called the "Seniority Sales Commission." The Seniority Sales Commission, a source of remuneration in addition to the *sales* commission payout itself, was computed as a percentage of the sales commission payout, with the percentage or rate increasing according to an agent's number of years service with Monumental.

For an agent who had been employed as of February 1966, as was Marchione, there was also a con-

tractual entitlement to a "Service Bonus" of $7.00 a week *if Seniority Sales Commissions for the week did not exceed the $7.00.* If the Seniority Sales Commissions were in excess of that amount, the agent received those commissions in lieu of the Bonus. In that regard, Article XIX, clause 7(b) of the labor agreement provided that:

> Agents employed as of February 1, 1966 shall continue to receive a Service Bonus of $7 per week; *provided, however, if Seniority Sales Commissions would amount to more than $7 per week, the greater amount would be payable, in lieu of the Service Bonus.* (Emphasis added.)

The claimant asserted below, as he does before this Court, that during the time relevant to his unemployment claim part of his remuneration from Monumental consisted of the $7.00 Service Bonus. Going a step further, and raising what is the legal issue of this case, the claimant argues that he was contractually entitled to the $7.00 Bonus on a weekly basis even if he did not sell any insurance, collect any premiums or actually earn any of the commissions designated as such in the employer's remuneration scheme. From that proposition the claimant further argues that the Bonus was an element of remuneration that was not a commission but rather wages or salary, and that thus he was not remunerated for his services "solely by way of commission" in terms of Section 4(1)(4)(17) of the Law.

By our interpretation, we are in accord with the claimant's reading of the remuneration provisions of the labor agreement: that he was entitled to the $7.00 weekly Bonus even if he produced no business as an insurance agent, collected no premiums or earned no other income from Monumental in a given week. Indeed, by virtue of Article XIX, clause 7(b) of the

agreement it was only if his *Seniority Sales Commissions,* a derivative of his sales commission payout, exceeded the $7.00 that his right to receive the Bonus in any given week was cut off. If the Seniority Sales Commissions did exceed $7.00, the claimant received those commissions in place of the Bonus as an element of his remuneration for a given week.

What we must decide is whether the $7.00 "Service Bonus" should be considered remuneration by commission, so far as that question bears on eligibility for unemployment compensation. Pennsylvania law affords no authority directly covering the point. There are, however, decisions from other jurisdictions addressing the same kind of question. Although those decisions are not binding on this Court, they are deserving of our consideration.

In the Virginia case of *Home Beneficial Life Insurance Co. v. Unemployment Compensation Commission,* 181 Va. 811, 27 S.E. 2d 159 (1943), that state's Supreme Court of Appeals decided that a minimum weekly payment, contractually guaranteed to an insurance agent if his weekly collections did not amount to a specified sum, was wages and not a commission. From that, the Virginia court held that the agent was not remunerated for his services solely by way of commissions as to be excluded from that state's unemployment coverage.

In *Home Beneficial Life* the insurance agent, by the terms of his employment agreement, was guaranteed a minimum weekly payment of $15.00 if his collections did not amount to $85.00 for the week. If the agent's collections did amount to at least $85.00 his remuneration for the week was by straight commission on his total collections. In concluding that the guaranteed $15.00 represented wages and not a commission, the court emphasized that the sum was not based on a percentage of the agent's collections

but rather was a fixed periodic remuneration that depended on the *length of time of service* and not upon the *amount of service* performed. Receipt of the $15.00 was not contingent upon the agent obtaining results: the only condition for its receipt was that the agent's weekly collections not amount to $85.00.

In the *Home Beneficial Life* case the court stated that the term "commission," when used to express compensation for services rendered, usually denotes a percentage of the amount of money paid out or received. The court also pointed out that "salary" generally means a fixed periodical or annual payment for services which depends upon the time of services rendered and not upon the amount of services rendered. *Accord, Benedict v. United States,* 176 U.S. 357 (1900). The Virginia court further stated that the controlling element in determining whether an amount to be received is on a commission or salary basis is whether the amount, by whatever name it might be called, is absolute and fixed or is made contingent upon earning that amount in commissions.

In *Unemployment Compensation Commission v. Union Life Insurance Co.,* 184 Va. 54, 34 S.E. 2d 385 (1945) the Virginia Supreme Court of Appeals held that under a remuneration scheme by which an agent was entitled to $22.50 if his collections were less than $100.00, the $22.50 was not a commission; and thus the agent was not remunerated solely by way of commissions as to be excluded from unemployment coverage. In so holding the Virginia court advanced the reasoning and definitions it set forth in the *Home Beneficial Life* case.

In *Washington National Insurance Co. v. Employment Security Commission,* 61 Ariz. 112, 144 P. 2d 688 (1944), the Supreme Court of Arizona also confronted

the issue of whether an insurance agent's remuneration was solely by way of commissions for purposes of determining eligibility for unemployment compensation. That case was concerned with a contractual remuneration scheme by which some of the insurance company's agents were entitled to a minimum payment of $35.00 a week as an "advance" against theoretical future reserves. However, the advance would never become a personal liability of an agent. The Arizona court concluded that the $35.00 advance represented payment of a fixed, unvarying amount without regard to the amount of insurance sold or premiums collected by an agent, and thus was not a commission. Accordingly, the court held that agents under that scheme of remuneration were not paid solely by commissions and were not precluded from unemployment coverage.[3]

We find the above decisions persuasive in their reasoning and treatment of the financial nature of the payments at issue in those cases. There is a common thread running through *Home Beneficial Life, Union Life,* and *Washington National:* the agents were contractually entitled, though on different conditions, to a fixed periodic sum of money that was not a percentage derivative of moneys collected for the company. Given this nature of those payments, they were held not to represent commissions.

Of strongly similar import is the more recent case of *Peoples Life Insurance Co. v. Maryland Department of Employment Security,* 256 Md. 350, 260 A.2d 287 (1970). There, the Maryland Court of Appeals held that an insurance agent who received a $10.00 weekly car allowance for which he need not account, in addition to commissions, was not remunerated sole-

---

[3] *Accord, Commonwealth Life & Accident Insurance Co. v. Board of Review,* 414 Ill. 475, 111 N.E. 2nd 345 (1953).

ly by commissions as to be statutorily outside that state's unemployment coverage. Clearly, the $10.00 allowance had no nexus whatsoever with the amount of premiums collected by the agent.

We do not suggest that our consideration of "foreign" case law has not found decisions contrary to those we have heretofore discussed. *See, e.g., Kentucky Unemployment Insurance Commission v. Western & Southern Life Insurance Co.*, 357 S.W. 2d 850 (Ky. 1962); *American National Insurance Co. v. Keitel*, 353 Mo. 1107, 186 S.W. 2d 447 (1945). It is our view that the contrary decisions do not as soundly resolve the question of when an insurance agent's remuneration is not a commission.

Reverting to the case at bar, we have already observed that claimant Marchione was contractually guaranteed the $7.00 minimum even if he sold no insurance, collected no premiums or had no other earnings from Monumental in a particular week. So long as the claimant was employed by Monumental the only condition that would disqualify him from the $7.00 at the end of a work week was his earning *Seniority Sales Commissions* in excess of $7.00. However, that condition only determined when he would *not* receive the guaranteed payment; the condition did not determine the *nature* of the guaranteed payment when he did receive it. Moreover, when the claimant received the guaranteed $7.00 the amount itself did not represent a percentage or derivative of anything he had sold or collected for his employer. In short, receipt to the $7.00 depended upon the claimant's time of service and was not a derivative of the results obtained.

Given the financial and economic nature of the $7.00 "Bonus," we conclude that the payment of it did not represent remuneration by commission but rather represented wages. From that, it follows that

the instant claimant was not remunerated for his services as an insurance agent "solely by way of commission" as to be precluded from coverage under the Unemployment Compensation Law.

For the reasons set forth, we reverse the order of the Board denying unemployment benefits in this case.

### ORDER

AND Now, the 12th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-174259, denying benefits, is reversed.