John L. DeLuca, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1984, before Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 28, 1984:

John L. DeLuca (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying benefits.

Claimant was employed as a "debit insurance agent" for the Peoples Life Insurance Company (Employer). Although he was compensated on a commission basis, Claimant was guaranteed a minimum of eighty-five dollars per week regardless of the amount of work he completed. After being terminated from his employment, Claimant was denied unemployment compensation benefits by the referee who determined that Claimant's work was not "employment" as that term is defined by Section 4 (*1*) (4)(17) of the Unemployment Compensation Law (Law).[1] The referee's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(*1*)(4)(17).

decision was affirmed by the Board, and this appeal followed.

Section 4 (*1*) (4) (17) of the Law states, in pertinent part:

(4)   The word "employment" shall not include—

. . .

(17)   Service performed by an individual for an employer as an insurance agent or real estate salesman or as an insurance solicitor or as a real estate broker . . . if all such service performed by such individual for such employer is performed for remuneration solely by way of commission. . . .

In his appeal, Claimant argues that the referee erred in finding that his work was performed *solely* upon a commission basis, in view of the eighty-five dollars per week minimum he was guaranteed regardless of the amount of work he completed. We agree.

In *Marchione v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 439, 426 A.2d 735 (1981), we held that an insurance agent who was guaranteed a seven dollar per week minimum payment in the event of his failure to receive that amount in commissions was not compensated "solely by way of commission" so as to be precluded from coverage under the Unemployment Compensation Law.

The Board argues that the present case is distinguishable from *Marchione* because here, unlike *Marchione,* Claimant never earned less in commissions than the amount of his guaranteed minimum, and thus always received payment in the amount of his actual commission earnings. The controlling factor in *Marchione,* however, was not that the Claimant actually *earned* less in commissions than his guaranteed minimum, but rather that he was entitled to a minimum

payment *regardless* of the amount he earned in commissions. It is therefore irrelevant in this case that Claimant's payments were in the amount of his actual commission earnings; the fact that eighty-five dollars of each payment would be guaranteed even in the absence of any commissions is sufficient to support the conclusion that Claimant was not paid solely upon a commission basis.

On the basis of *Marchione,* we conclude that Claimant's work constituted "employment" for purposes of the Unemployment Compensation Law, and thus that Claimant is eligible for benefits.[2] Accordingly, we reverse the decision of the Board and remand for a determination of benefits.

ORDER

Now, November 28, 1984, the order of the Unemployment Compensation Board of Review, No. B-214-289, dated February 1, 1983, is hereby reversed, and the matter remanded to the Board for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

[2] For this reason we need not address Claimant's additional argument that Section 4(1)(4)(17) is unconstitutional.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The majority relies authoritatively on *Marchione v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 439, 426 A.2d 735 (1981). There is no doubt about the fact that, if the reasoning of *Marchione* is accepted, then this controls the result in the instant case. However, *Marchione* reaches the wrong result and fails to take into consideration legislative intent in the passage of Section 4 (1) (4)(17).

When the legislature drafted the applicable section, the legislature must have been aware of the prevailing trade practice which, with frequency, included a guaranteed minimum draw against commissions. This naturally leads to the conclusion that the legislature intended to exclude from eligibility, commissioned sales people receiving a guaranteed minimum. If the legislature had intended otherwise, it would have said so. To continue to support the holding in *Marchione* ignores the legislative intent and perpetuates a result at odds with what the section was intended to accomplish.