**Richard BOCKELKAMP, Respondent,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Appellant.**

**No. ED 81533.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 18, 2003.

Marilyn G. Green, Jefferson City, MO, for appellant.

Richard Bockelkamp, St. Peters, MO, pro se.

MARY R. RUSSELL, Presiding Judge.

The Division of Employment Security ("Division") appeals a judgment of the Labor and Industrial Relations Commission ("Commission") finding that Richard Bockelkamp ("Claimant") received excessive benefits in the years 2000 and 2001. Division argues on appeal that Commission erroneously determined that payments received by Claimant during two waiting weeks in 2000 and 2001 were only partial overpayments as Division asserts Claimant was not entitled to any payment during his waiting weeks. We reverse and remand.

Claimant was employed by First Student, Incorporated ("Employer") as a school bus driver for an elementary school in the Francis Howell School District. His duties included training new drivers. Be-

cause his school followed a cycle system, it was closed at various times throughout the year as opposed to having a single extended break during the summer. Claimant became partially unemployed in June 2000 and again in June 2001 and filed claims for benefits with Division both times.

After filing a claim for benefits by telephone via Division's automated claim system, Claimant called a regional Division office in St. Louis to clarify a question he had regarding wages he received for training other drivers versus those he received for driving. Based on that conversation, he believed that the wages he received for training other drivers did not count against his benefits from Division, and he only reported the wages he received for driving. As a result, he underreported the wages he received from Employer while he was receiving benefits from Division.

Deputies for Division realized the discrepancy and notified Claimant in February 2002 that he was overpaid because he received unemployment insurance benefits from Division during a period he also earned wages. The deputies calculated that Claimant was overpaid $1,918 for the period of May 28, 2000, through April 14, 2001, and that he was overpaid $1,583 from June 17, 2001, through August 11, 2001. Pursuant to section 288.380.9 RSMo 2000,[1] which contains penalties for willful failures to disclose facts and for falsifying information, the deputies canceled the wage credits Claimant had accrued prior to August 14, 2001, for willfully failing to disclose all of his earnings in his claim for benefits. The deputies also stated that Claimant's waiting week credit for the weeks ending May 27, 2000, and June 16, 2001, were denied because he had received wages during those periods.

Claimant appealed to the appeals tribunal. The referee found that he was overpaid unemployment insurance benefits in the amount of $1,909 for the period of May 28, 2000, through April 14, 2001, and $1,489 from June 17, 2001, through August 11, 2001. The referee concluded that Claimant's failure to report all of his earnings was not willful and reinstated his wage credits prior to August 14, 2001. The referee did not address whether Claimant's waiting week credit for the weeks ending May 27, 2000, and June 16, 2001, was properly canceled or whether replacement waiting weeks needed to be assigned.

Division subsequently filed a motion for reconsideration or in the alternative for appeal to Commission. Division claimed in its motion that the referee incorrectly determined the amount of the overpayments. Specifically, Division argued that the referee failed to take into account credit Claimant had received for two waiting weeks and that the entire amount paid to Claimant during the waiting weeks was an overpayment.

The appeals tribunal did not issue a response to Division's motion, and Division applied for review by Commission. Commission issued an order affirming the decision of the appeals tribunal. This appeal follows.

▪ In its point on appeal, Division alleges Commission erroneously determined that payments received by Claimant during waiting weeks in 2000 and 2001 were only partial overpayments as Division asserts Claimant failed to meet the applicable statutory eligibility requirement and was not entitled to any benefits during his waiting weeks. Division argues that the entire amount received by Claimant during those waiting weeks constitutes overpayment.

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

■ Commission's findings of facts, if supported by competent and substantial evidence and in absence of fraud, are conclusive, and our jurisdiction is confined to questions of law. Section 288.210. We may modify, reverse, remand, or set aside Commission's decision only on the grounds "(1) [t]hat [it] acted without or in excess of its powers; (2)[t]hat the decision was procured by fraud; (3)[t]hat the facts found by [it] do not support the award; or (4)[t]hat there was no sufficient competent evidence in the record to warrant the making of the award." *Id.* We are not bound by Commission's decision, however, with respect to a question of law or when a mixed question of law and fact exists. *Vaughn v. Labor & Indus. Relations Comm'n,* 603 S.W.2d 63, 65 (Mo.App.1980). Our task in the instant case is limited to determining whether the employment security law was correctly applied to the undisputed facts.

In order to find a claimant eligible for unemployment insurance benefits, a deputy must find that the claimant meets the six criteria enumerated in section 288.040.1(1–6). Section 288.040.1(4) establishes the prerequisite waiting week[2] for claimants who have requested benefits:

> Prior to the first week of a period of total or partial unemployment for which the claimant claims benefits he has been totally or partially unemployed for a waiting period of one week. No more than one waiting week will be required in any benefit year.[3] The one-week waiting period shall become compensable after unemployment during which benefits are payable for nine consecutive weeks. No week shall be counted as a week of total or partial unemployment for the purposes of this subsection unless it occurs within the benefit year which includes the week with respect to which the claimant claims benefits. . . .

Division argues that Claimant failed to meet section 288.040.1(4) because he could not, during either period for which he filed claims, establish nine consecutive weeks of unemployment for which benefits were payable. The record supports Division's contention.

The statement of facts in Division's brief states that after Claimant's original waiting week credits were canceled for the weeks ending on May 27, 2000, and June 16, 2001, new waiting weeks were assigned, specifically the weeks ending July 1, 2000, and June 23, 2001. Division reiterates these dates throughout its argument, and it contends that all money paid to Claimant for the weeks ending July 1, 2000, and June 23, 2001, was an overpayment and that Commission erred in finding only a partial overpayment for those two weeks.

The weakness in Division's argument is that the pages it cites in the record on

2. "Waiting week" is defined in section 288.030.1(27) as:
   the first week of unemployment for which a claim is allowed in a benefit year or if no waiting week has occurred in a benefit year in effect on the effective date of a shared work plan, the first week of participation in a shared work unemployment compensation program pursuant to section 288.500.

3. Section 288.030.1(3) defines "benefit year" as:

the one-year period beginning with the first day of the first week with respect to which an insured worker first files an initial claim for determination of such worker's insured status, and thereafter the one-year period beginning with the first day of the first week with respect to which the individual, providing the individual is then an insured worker, next files such an initial claim after the end of the individual's last preceding benefit year. . . .

appeal fail to support its position that the new waiting weeks ending July 1, 2000, and June 23, 2001, were assigned after Claimant's original waiting week credits for May 27, 2000, and June 16, 2001, were canceled. Although we agree with Division's contention that all benefits Claimant received during both of his waiting weeks constituted an overpayment, we find the record does not substantiate its argument with respect to whether Commission's decision reassigned any dates as Claimant's waiting weeks.

Based on the record before us, the facts found by Commission fail to support its decision, and the record contains insufficient competent evidence to warrant it. *See* section 288.210(3-4). We reiterate that Commission's decision did not address whether Claimant's two waiting week credits were properly canceled or whether they were reassigned to different weeks. Because Commission has plenary authority to review the appeals tribunal and our review is limited solely to legal issues, we believe Commission should sort the evidence in the record and apply the facts to the law.

The judgment of Commission is reversed, and the cause is remanded to it for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J., concur.